**Vern John WAGNER, a/k/a Vern Jogtich, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4381.**

Supreme Court of Alaska.

Aug. 17, 1979.

Roger W. Carlson and A. Fred Miller, Ketchikan, for appellant.

Michael A. Thompson, Asst. Dist. Atty., Geoffrey G. Currall, Dist. Atty., Ketchikan, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

Over a period of several months, appellant had sexual relations with an eleven year-old female child. He was subsequently indicted for the crime of statutory rape in violation of AS 11.15.120.[1] Thereafter, Vern Wagner entered a plea of guilty to the charge and was sentenced to ten years imprisonment with a recommendation that he serve one-third of that time before becoming eligible for parole.

In this sentence appeal, Wagner argues that the sentence was retributive and that the superior court failed to consider the goal of rehabilitation in reaching its sentence. Appellant further contends that considerations of isolation and deterrence do not support the sentence which was imposed, and that the superior court ignored the admonition contained in the American Bar Association's Standards Relating to Sentencing, Standard 2.1(d), that sentences not exceed five years except in cases involving particularly serious crimes.

We have concluded that the superior court was not clearly mistaken in imposing a sentence of ten years imprisonment. At the sentencing hearing, the state pointed out to the superior court that the victim's two brothers were suborned to participate in the sexual activity; that Wagner's record includes two prior felonies;[2] and that Wagner has been diagnosed as moderately antisocial and apt not to conform with the law when he believes he could get away with illicit conduct. The superior court's comments during the sentencing proceeding indicate that it was aware of all of the relevant purposes of sentencing. The superior court's emphasis on reinforcement of socie-

1.  AS 11.15.120 provides:
    *Rape.* (a) A person who (1) has carnal knowledge of another person, forcibly and against the will of the other person, or (2) being 16 years of age or older, carnally knows and abuses a person under 16 years of age, is guilty of rape.
    (b) A person who assists another to force or compel a third person to engage in a sexual act without consent is considered an accomplice to rape, irrespective of the legal status of that person with respect to the person forced or compelled to engage in a sexual act against his will.
    (c) For purposes of this section, the terms 'carnal knowledge' and 'sexual act' include sexual, oral and anal intercourse, with some penetration, however slight.
    AS 11.15.130 provides:

*Punishment for rape.* (a) A person 19 years of age or older convicted of rape upon his daughter, son, sister or brother, or upon a person under 16 years of age, is punishable by imprisonment in the penitentiary for any term of years.
    (b) A person less than 19 years of age convicted for rape upon his daughter, son, sister or brother, or a person under 16 years of age, is punishable by imprisonment in the penitentiary for not more than 20 years.
    (c) A person convicted of rape upon any other person is punishable by imprisonment in the penitentiary for not more than 20 years nor less than one year.

2.  Both of these felonies involved nonviolent property offenses.

tal norms reflected its view that "the primary function of the law in [a] democratic society is the protection of personal integrity" and that rape, being a "direct physical intrusion into the personal integrity of another human being," warrants a substantial sentence in order to fulfill that reinforcing function. The superior court also stressed appellant's continued recidivism and failure to learn from his past mistakes—factors which tend to support the conclusion of the superior court that, absent a lengthy sentence, Wagner's rehabilitation is a poor prospect. The tenor of the superior court's sentencing comments do not lend support to appellant's contention that the sentence was imposed out of an improper vindictive desire for retribution.

Affirmed.