STATE of Alaska, Petitioner,

v.

Peter ANDREWS, Sr., Respondent.

Peter ANDREWS, Sr., Appellant,

v.

STATE of Alaska, Appellee.

George R. KOENIG, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–468, A–492 and A–552.

Court of Appeals of Alaska.

Sept. 6, 1985.

Cynthia M. Hora, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner in No. A–468, and appellee in No. A–492.

John M. Murtaugh, Anchorage, for respondent in No. A–468, and appellant in No. A–492.

Laurel J. Peterson, Anchorage, for appellant in No. A–552.

Michael N. White, Dist. Atty., Palmer, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee in No. A–552.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Peter Andrews, Sr., and George R. Koenig are school teachers. In unrelated prosecutions, each was convicted of multiple counts of sexual abuse and sexual assault on their elementary school female pupils. Andrews and Koenig are first offenders. Neither has a juvenile or adult criminal record. Andrews received concurrent sentences totaling eight years' imprisonment, and Koenig received consecutive sentences totaling forty years with twenty years suspended. Koenig's sentences were based in part on the trial court's conclusion that consecutive sentences were mandatory when a defendant is convicted of multiple counts of sexual assault involving different victims. AS 12.55.025(e). Andrews' sentences were based in part on an opposite conclusion by the trial court in his case.

■ The primary issue in each appeal is the proper interpretation of AS 12.55.025(e) and (g). On our own motion, we have therefore consolidated them for decision. In Andrews' case, the state contends that

where an individual is convicted of multiple counts of sexual assault, he must receive consecutive sentences, at least where his sexual abuse involves separate victims. In contrast, Andrews argues that the legislature has expressed a preference for consecutive sentences but that the trial court has discretion to reject that preference in an appropriate case. Judge Lewis accepted Andrews' argument below and sentenced Andrews to concurrent terms. The state has petitioned for review and we consider the issue of sufficient importance to warrant our granting review.[1] In Koenig's case, Judge Hanson was of the view that consecutive sentences were mandatory. He therefore gave Koenig consecutive sentences. Koenig appeals, contending that those sentences were excessive. We have carefully reviewed the record and conclude that AS 12.55.025(e) and (g) express a preference for consecutive sentences which a trial court has discretion to reject in appropriate circumstances. We therefore affirm Andrews' sentences and vacate Koenig's sentences, remanding his case for resentencing. We also set out some guidelines to be applied to Koenig in resentencing. We set out the relevant facts regarding each of these two defendants and then proceed to a discussion of the issues.

## ANDREWS

Peter Andrews, Sr., was convicted of four counts of sexual abuse of a minor, a class C felony, former AS 11.41.440(a)(2),[2] and seven counts of sexual assault in the first degree, an unclassified felony, former

---

1. In addition, Andrews has cross-appealed, arguing that one of the five-year maximum sentences he received for sexual abuse of a minor was excessive. He asks that we reach this issue only in the event we rule against him on the issue of consecutive sentences. Our disposition makes it unnecessary to address this issue further.

2. Former AS 11.41.440(a)(2) provided, in relevant part:
 A person commits the crime of sexual abuse of a minor if, being 16 years of age or older, he engages in ... sexual contact with a person who is under 13 years of age....

Former AS 11.81.900(b)(51) defined "sexual contact" as:
 (A) the intentional touching, directly or through clothing, by the defendant of the victim's genitals, anus, or female breast; or
 (B) the defendant's intentionally causing the victim to touch, directly or through clothing, the defendant's or victim's genitals, anus, or female breast.

Alaska Statute 12.55.125(e) provides: "A defendant convicted of a class C felony may be sentenced to a definite term of imprisonment of not more than five years...."

AS 11.41.410(a)(3).[3] Andrews was sentenced to five years for each count of sexual abuse and eight years (the presumptive term) for each count of first-degree sexual assault; all terms were imposed concurrently.

The charges against Andrews involved three victims: K.E. (age nine), L.K. (age ten) and D.M. (age ten). All the offenses took place between November 1, 1982, and June 21, 1983, mainly at the village school in Aleknagik, where Andrews worked as a teacher's aide. The only incident involving K.E. was one in which Andrews touched her breasts and vaginal area. L.K. was subjected to digital penetration on at least two occasions as well as less serious sexual contact similar to that suffered by K.E. In addition to less serious contact, D.M., the third victim, was subjected to digital and penile penetration of her anus, and digital, penile and oral penetration of her vagina. L.K. told police that the penile penetration hurt her and on at least one occasion made her bleed. Andrews' contact with D.M. was the most extensive. Andrews would take D.M. into the language lab, both during school and when school was not in session. Sometimes he would cover her mouth to keep her from yelling. On at least one occasion, Andrews enticed D.M. to his home and abused her. He also arranged for D.M. to work for him, so he could engage in sexual conduct more freely. Andrews apparently gave money or candy to his victims, but at no time threatened them with physical harm.

Andrews is a well-respected member of the Aleknagik community. He has served as mayor and, at the time of his arrest, was a member of the city council. In addition to his work as a teacher's aide at the school, Andrews has also served as a lay minister for the Moravian Church and has been employed as a fisherman. Andrews is in poor health. He has had multiple tumors removed from his bladder and will probably need ongoing medical treatment. Andrews was fifty-nine years of age at the time of sentencing. His formal education ended with the eighth grade. He is married and has thirteen children, six of whom continue to live with him. Andrews was honorably discharged from the United States Army.

Judge Lewis carefully considered the *Chaney* criteria. *State v. Chaney*, 477 P.2d 441 (Alaska 1970). He recognized the state's argument that consecutive sentences were mandatory under AS 12.55.-025(e) and (g), but concluded that when read together with article I, section 12 of the Alaska Constitution,[4] and AS 12.55.-005,[5] the statute permits imposition of con-

---

**3.** Former AS 11.41.410 provided, in relevant part:

A person commits the crime of sexual assault in the first degree if, ... being 16 years of age or older, he engages in sexual penetration with another person under 13 years of age....

Former AS 11.81.900(b)(52) defined sexual penetration as:

genital intercourse, cunnilingus, fellatio, anal intercourse, or an intrusion, however slight, of an object or any part of a person's body into the genital or anal opening of another person's body; each party to any of the acts defined as "sexual penetration" is considered to be engaged in sexual penetration.

At the time of Andrews' offenses, AS 12.55.125(i) provided:

A defendant convicted of sexual assault in the first degree may be sentenced to a definite term of imprisonment of not more than 30 years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155–12.55.175:

(1) if the offense is a first felony conviction and does not involve circumstances described in (2) of this subsection, eight years;

(2) if the offense is a first felony conviction, and the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury during the commission of the offense, 10 years;

(3) if the offense is a second felony conviction, 15 years;

(4) if the offense is a third felony conviction, 25 years.

**4.** Alaska Constitution, article I, section 12 provides:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. Penal administration shall be based on the principle of reformation and upon the need for protecting the public.

**5.** Alaska Statute 12.55.005 provides:

The purpose of this chapter is to provide the means for determining the appropriate sen-

current sentences under some circumstances. He concluded that while there was a statutory preference for consecutive sentences, the legislature has given trial courts discretion to reject that preference where necessary to serve the defendant's rehabilitation and the protection of the community. The court noted that in light of Andrews' age and poor health, a sentence in excess of eight years would be a virtual life sentence. The court therefore concluded that on the peculiar facts of this case, concurrent sentences requiring that Andrews serve no more than eight years' incarceration would fully satisfy all of the statutory requirements.

In reaching this conclusion, Judge Lewis did not minimize the significance of Andrews' offenses. He noted that Andrews, as a teacher and community leader, had the respect and confidence of his victims and, in effect, abused a trust in subjecting them to sexual abuse. He further noted that Andrews exhibited no remorse and that, despite the jury verdicts, Andrews refused to acknowledge any guilt or responsibility, characterizing his touching of the victims as normal activity between teacher and student. Finally, Judge Lewis recognized, in part based upon his observation of the demeanor of the victims as they testified, that they had all suffered substantial psychological injury and would probably require extensive counseling in the future in order to have any hope of a psychologically healthy adult life.

## KOENIG

George R. Koenig was thirty-three years of age at the time of his offenses. He has a master's degree in philosophy and was the music and language teacher at a Wasilla grammar school. Koenig was initially charged with sixteen counts of sexual abuse and sexual assault involving eight victims: S.L.F. (age nine); K.L.M. (age nine); M.A.S. (age twelve); D.M.I. (age eight); J.L.S. (age nine); G.L.H. (age eleven); E.E. (age eight); and H.D.K. (age eight). As part of a plea agreement, Koenig entered a plea of *nolo contendere* to three charges, and the state dismissed the other thirteen with the understanding that it could bring out evidence regarding all sixteen offenses at sentencing. Koenig was therefore convicted of one count of sexual abuse of a minor in the first degree, an unclassified felony, AS 11.41.434(a)(1), based upon digital penetration of H.D.K., and two counts of sexual abuse of a minor in the second degree, a class B felony, AS 11.41.436(a)(2), based upon, respectively, the touching of K.L.M.'s vagina and the touching of E.E.'s breasts.[6] Koenig was sentenced to twenty years with ten suspended on the first-degree sexual abuse conviction, and ten years with five suspended on each of the second-degree sexual abuse convictions. All three sentences

---

tence to be imposed on conviction of an offense. The legislature finds that the elimination of unjustified disparity in sentences and the attainment of reasonable uniformity in sentences can best be achieved through a sentencing framework fixed by statute as provided in this chapter. In imposing sentence, the court shall consider
 (1) the seriousness of the defendant's present offense in relation to other offenses;
 (2) the prior criminal history of the defendant and the likelihood of rehabilitation;
 (3) the need to confine the defendant to prevent further harm to the public;
 (4) the circumstances of the offense and the extent to which the offense harmed the victim or endangered the public safety or order;
 (5) the effect of the sentence to be imposed in deterring the defendant or other members of society from future criminal conduct; and

 (6) the effect of the sentence to be imposed as a community condemnation of the criminal act and as a reaffirmation of societal norms.

6. Alaska Statute 11.41.434(a)(1) provides in relevant part:
 An offender commits the crime of sexual abuse of a minor in the first degree if ... being 16 years of age or older, the offender engages in sexual penetration with a person who is under 13 years of age....
Alaska Statute 11.41.436(a)(2) provides in relevant part:
 An offender commits the crime of sexual abuse of a minor in the second degree if ... being 16 years of age or older, the offender engages in sexual contact with a person who is under 13 years of age....

were made consecutive, so that Koenig received a total sentence of forty years with twenty years suspended.

Judge Hanson considered a number of factors in framing the sentence as he did. First, he concluded the consecutive sentences were mandatory for sexual assaults involving separate victims under AS 12.55.-025(e) and (g). Second, he noted that Koenig had abused a position of trust since he was a school teacher and since all of the acts of sexual abuse occurred during school hours. Third, he recognized that Koenig's victims in the offenses to which he pled were particularly young, eight and nine years of age, and therefore vulnerable. *See* AS 12.55.155(c)(5). Finally, he noted a report by Dr. Rothrock, a psychiatrist, that Koenig was a pedophile and that his prognosis for rehabilitation was guarded. These factors led Judge Hanson to conclude that Koenig's conduct was the worst contemplated within the definitions of the offenses charged. AS 12.55.155(c)(10). Because two aggravating factors were found, Judge Hanson was not limited by the eight-year presumptive term prescribed for the single count of first-degree sexual abuse.

In Koenig's favor, Judge Hanson noted that Koenig's offenses involved sexual touching including digital penetration but no genital intercourse, that Koenig was a hard worker, that he was a well-educated, intelligent man, and that he had expressed a substantial amount of remorse and actively sought treatment in the hope it would cure his sexual predilection for small children.

## DISCUSSION

### I.

The primary question presented by this appeal is the proper interpretation of AS 12.55.025(e) and (g). The statute provides:

(e) Except as provided in (g) of this section, if the defendant has been convicted of two or more crimes, sentences of imprisonment shall run consecutively. If the defendant is imprisoned upon a previous judgment of conviction for a crime, the judgment shall provide that the imprisonment commences at the expiration of the term imposed by the previous judgment.

. . . . .

(g) If the defendant has been convicted of two or more crimes before the judgment on either has been entered, any sentences of imprisonment may run concurrently if

(1) the crimes violate similar societal interests;

(2) the crimes are part of a single, continuous criminal episode;

(3) there was not a substantial change in the objective of the criminal episode, including a change in the parties to the crime, the property or type of property right offended, or the persons offended;

(4) the crimes were not committed while the defendant attempted to escape or avoid detection or apprehension after the commission of another crime;

(5) the sentence is not for a violation of AS 11.41.100–11.41.470; or

(6) the sentence is not for a violation of AS 11.41.500–11.41.530 that results in physical injury or serious physical injury as those terms are defined in AS 11.81.-900.

Alaska Statute 12.55.025(e) requires consecutive sentences in all cases subject to exceptions defined in (g), which contains six subparagraphs. The first three subparagraphs, (1)–(3), identify three situations in which concurrent sentences have been traditionally imposed. *Cf.* former AS 12.55.-145(a)(3) (considering prior offenses committed under similar circumstances a single prior offense for purposes of presumptive sentencing). The problem arises because the last three subparagraphs, (4)–(6), are phrased in the negative and appear to describe situations in which the legislature may not have wished concurrent sentences, yet the drafter placed all six subparagraphs in the disjunctive. This grammatical structure suggests that each subparagraph should be considered an independent basis for permitting concurrent sentences. Read in this literal fashion, however, the

statute would permit imposition of concurrent sentences in almost every case, since the conduct need only satisfy one of the six subparagraphs, and three of them are in the negative. In *Griffith v. State,* 675 P.2d 662 (Alaska App.1984), we accepted a stipulation of the parties, ignored the disjunctive "or", and construed the three final subparagraphs as exceptions to the exceptions, *i.e.,* as situations in which the general rule precluding concurrent sentences would apply. We noted, however, the ambiguity inherent in this awkward grammatical structure, thereby indicating that interpretational problems would have existed in the absence of the parties' stipulation.

### A.

Before construing AS 12.55.025(g) and considering the parties' arguments, it is necessary to reach a preliminary point. In the revisor's notes to AS 12.55.025, it is stated:

> Alaska Statute 12.55.025(e) was amended by § 24, Ch. 143, SLA 1982 and purportedly repealed by § 42, Ch. 143, SLA 1982. The repeal in § 42 was apparently a drafting error. ·See House Journal Supplement No. 63, (dated June 1, 1982), page 18.

Andrews argues that the repeal, though perhaps an oversight, must be given full force and effect. He further argues that paragraph (e) governs paragraph (g), and that if (e) was repealed, (g) cannot have any force or effect.[7] The state concedes that § 42 of Chapter 143, SLA 1982 states that AS 12.55.025(e) is repealed, and that section 24 of the same chapter repealed former AS 12.55.025(e), which had previously governed imposition of concurrent or consecutive sentences, and enacted the present provisions in its place.

 The state reasons, however, that the commentary to the bill which became Chapter 143 recognized that the purported repeal of AS 12.55.025(e) contained in § 42 was an error, since the commentary discusses only § 24 of the bill. Supp. No. 63 at 12 in 3 House Journal (1982), following p. 2356. The revisor picked up the error as we have seen. Consequently, the state concludes, since the alleged repeal was obviously an error, we should disregard it. We agree. As Sutherland points out, "designation of an act to be repealed will not effect a repeal of that act where, due to clerical mistake, the wrong act was named." 1A C. Sands, *Sutherland Statutory Construction* § 23.07, at 219–20 n. 5 (4th ed. 1972). We are satisfied that the legislature intended to repeal the existing AS 12.55.025(e) and re-enact a new 12.55.025(e), and that the language used accomplished that purpose, though somewhat inartfully. We therefore reject Andrews' argument.

### B.

In *Lacquement v. State,* 644 P.2d 856 (Alaska App.1982), we charted the history of consecutive sentencing under former law. We noted that where a defendant was convicted of two or more crimes before the judgment on either had been entered, prior legislation as well as the law in effect at the time of Lacquement's sentencing permitted a trial court to impose sentences either concurrently or consecutively.[8] We

---

7. The state disputes Andrews' claim that paragraph (g) depends upon paragraph (e). It points out that (g) makes no reference to (e) and that (e) sheds no light on the proper interpretation of (g). Further, the state contends that even if (e) were deemed repealed, (g) would still require consecutive sentences for sexual assaults. In light of our decision that (e) was not repealed, it is unnecessary for us to reach these arguments.

8. Former AS 12.55.025(e) provided:
 If the defendant is convicted of two or more crimes before judgment on either has been entered, any sentences of imprisonment may run concurrently or consecutively, as the court provides. If the court does not specify, the sentences of imprisonment shall run concurrently. If the defendant is imprisoned upon a previous judgment of conviction for a crime, the judgment may provide that the imprisonment commences at the expiration of the term limited by the previous judgment or on the date of imposition of sentence.

 Prior to enactment of the revised criminal code, the applicable provision was former AS 11.05.050, which provided:

also noted, however, that neither the legislature nor the Alaska Supreme Court had ever established guidelines to assist trial judges in determining under what circumstances consecutive rather than concurrent sentences should be imposed. 644 P.2d at 861. In this case, the parties are in agreement that Chapter 143, SLA 1982 was intended in part to respond to this statutory void. The parties are also in agreement that the legislature clearly articulated a preference for consecutive sentences, subject to certain exceptions. They disagree, however, over the proper interpretation of those exceptions.

 Ambiguities in criminal statutes must be narrowly read and construed strictly against the government. *State v. Rice,* 626 P.2d 104 (Alaska 1981); *Kuvaas v. State,* 696 P.2d 684 (Alaska App.1985); *Conner v. State,* 696 P.2d 680, 682 (Alaska App.1985); *State v. Rastopsoff,* 659 P.2d 630, 640 (Alaska App.1983); *Hugo v. City of Fairbanks,* 658 P.2d 155, 161 (Alaska App.1983); *Siggelkow v. State,* 648 P.2d 611, 614–15 (Alaska App.1982); *Cassell v. State,* 645 P.2d 219, 222 (Alaska App.1982); *Belarde v. Anchorage,* 634 P.2d 567, 568 (Alaska App.1981); *Pierce v. State,* 627 P.2d 211, 219 (Alaska App.1981); 3 C. Sands, *Sutherland Statutory Construction,* §§ 59.03, 59.04, 59.06 (4th ed. 1974). The foregoing rule applies equally to provisions governing sentencing and provisions defining crimes. *See Kuvaas,* 696 P.2d at 685; *Rastopsoff,* 659 P.2d at 640; *see also Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). Closely allied to the doctrine that criminal statutes must be strictly construed is the so-called rule of lenity. If a statute establishing a penalty is susceptible of more than one meaning, it should be construed so as to provide the most lenient penalty. *See, e.g., Brookins v. State,* 600 P.2d 12, 17 (Alaska 1979).

As stated above, in *Griffith v. State,* 675 P.2d 662 (Alaska App.1984), it was unnecessary for us to finally interpret AS 12.55.-025(g) because the parties reached an agreement as to its meaning which was fully dispositive of Griffith's case. We set out the statute and then concluded as follows:

> The statute is not well drafted and there are a number of possible interpretations of the statutory language. Fortunately, the state and Griffith agree on an interpretation of the statute. They agree that if a defendant's conduct falls within subparagraphs (4) [the crimes were not committed while the defendant attempted to escape or avoid detection or apprehension after the commission of another crime], (5) [the sentence is not for a violation of AS 11.41.100–11.41.470] or (6) [the sentence is not for a violation of AS 11.41.500–11.41.530 that results in physical injury or serious physical injury as those terms are defined in AS 11.81.900], the court may not impose a concurrent sentence. However, if the defendant's conduct falls within subparagraphs (1), (2) or (3), the court is authorized to impose concurrent sentences.

675 P.2d at 664. The parties' agreement was dispositive of Griffith's case. They agreed that the trial court had not correctly interpreted the statute and did not understand that it could have given Griffith a concurrent sentence, because Griffith's conduct did not fall within subparagraphs (4), (5), or (6), but it did fall within subparagraph (1). We accepted the agreement of the parties and remanded Griffith's case for resentencing.

The *Griffith* interpretation does not help Andrews and Koenig, however, because they were convicted of sexual offenses governed by subparagraph (g)(5). Consequently, it is necessary for us to consider in this case whether the legislature has absolutely

If the defendant is convicted of two or more crimes, before judgment on either, the judgment may be that the imprisonment upon one conviction begins at the expiration of the imprisonment for any other of the crimes. If

the defendant is imprisoned upon a previous judgment on a conviction for a crime, the judgment may be that the imprisonment commences at the expiration of the term limited by the previous judgment.

ruled out concurrent sentences for those convicted of such offenses.

Andrews argues that the various subparagraphs of (g) are tied together by semicolons except that the word "or" separates (5) from (6). He reasons that where words are placed in a series and the final two words in the series are separated by an "or," all of the paragraphs are disjunctive unless legislative intent is clearly contrary or such a construction is repugnant to the act in question. *United States v. Garcia*, 718 F.2d 1528 (11th Cir.1983), *aff'd*, —— U.S. ——, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984); *George Hyman Construction Co. v. Occupational Safety and Health Review Commission*, 582 F.2d 834, 839–40 (4th Cir.1978); *Azure v. Morton*, 514 F.2d 897, 900 (9th Cir.1975); 1A C. Sands, *Sutherland Statutory Construction* § 21.14 (4th ed. 1972). Under this interpretation, Andrews argues, if a case arguably falls within any of the subparagraphs, concurrent sentences are presumptively appropriate, though not mandatory. While Andrews and Koenig were convicted of sexual assaults and therefore cannot benefit from the paragraph that makes concurrent sentences available to those who are not convicted of such offenses, their crimes involved similar societal interests, subparagraph (g)(1), were not committed while escaping, subparagraph (g)(4), and did not involve the circumstances set forth in subparagraph (g)(6). Consequently, according to Andrews' view, the trial courts were authorized to consider concurrent sentences in determining appropriate sentences for Andrews and, by extension, Koenig.

■ We agree that this is one possible reading of the statute. The interpretation discussed in *Griffith* is also a reasonable interpretation of the statute. Where a statute is susceptible of two or more conflicting but reasonable meanings it is ambiguous. We resolve the ambiguity by adopting the meaning most favorable to the defendant, and accept Andrews' interpretation of the statute. Treating the various sub-categories under paragraph (g) as disjunctive does not obviously violate legislative intent and is not repugnant to the statute. We therefore affirm Judge Lewis' conclusion that he had limited discretion to give Andrews concurrent sentences despite Andrews' conviction of multiple sexual assaults.[9] For the same reason, we reverse Judge Hanson's conclusion that he was obligated to give consecutive sentences to Koenig. We realize that Judge Hanson recognized that Koenig's sexual contact convictions were not presumptive and thus could have resulted in suspended sentences, even though he believed those sentences would have had to have been consecutive. Judge Hanson nevertheless declined to suspend additional time. We do not view Judge Hanson's consideration of this issue as establishing that any error he made in concluding that consecutive sentences were mandatory was harmless. We believe that Koenig should have an opportunity on remand to argue for concurrent sentences. We therefore vacate his sentences and remand for resentencing.

■ Our decision to accept Andrews' interpretation of AS 12.55.025(g) is reinforced by three considerations. First, the legislature intended that the revised code create reasonable uniformity and eliminate unjustified disparity in sentences; it therefore established a somewhat rigid sentencing framework. AS 12.55.005. If consecutive sentences were automatic in cases involving sexual assaults on minors, it would appear that the legislative goal of uniformity would be achieved. However, this uniformity would be illusory. Most incest cases involve a protracted sexual relationship between abuser and victim; typically, the victim testifies to many incidents, but has great difficulty differentiating between incidents. *See Covington v. State*, 703 P.2d 436 (Alaska App.1985). Generally, if

---

**9.** The state does not argue that, even if Judge Lewis had authority to impose concurrent sentences, it was inappropriate to do so in Andrews' case. Our review of the sentencing record discloses, however, that Judge Lewis did not abuse his discretion in imposing concurrent sentences in Andrews' case, so we would affirm the sentence even had this argument been made.

the state can prove one incident it can prove them all, since the same evidence will be before the jury and the result will turn on whether the jury believes the victim or not. The state is therefore able in almost all these cases to arbitrarily decide between charging multiple incidents or a single incident. Consider the cases of two identically situated individuals, the evidence against each of whom would support a finding of ten separate incidents of first-degree sexual assault. If the state's interpretation of the statute were correct, one person might be charged with and convicted of one offense and automatically receive an eight-year presumptive term, while the other was charged with and convicted of ten incidents, and therefore automatically sentenced to ten consecutive eight-year presumptive terms. Again, this would be true even though the evidence in both cases was identical. It is only if the statute permits concurrent sentences and is interpreted to impose reasonable restrictions on consecutive sentences that the statutory goal found in AS 12.55.005—that those whose criminal conduct is roughly identical should receive substantially similar sentences—can be attained.

Closely related is a second concern. Under the state's interpretation of the statute, where the evidence will permit single or multiple charges at the prosecutor's absolute discretion, a defendant is under substantial pressure to accept an offer to plead to a single count regardless of guilt. We recognize that this pressure will exist to a degree in any case in which the state may elect to charge fewer offenses, or a lesser-included offense in preference to a greater offense. Where consecutive sentences are mandatory, however, this pressure could become virtually insurmountable. Clearly the legislature did not wish to encourage the conviction of the innocent.

Finally, our conclusion that the statute establishes a preference for consecutive sentences in the case of crimes of sexual assault but does not make such sentences mandatory is consistent with the treatment given consecutive sentences in *Fair and Certain Punishment, Report of The*

*Twentieth Century Fund Task Force on Criminal Sentencing* (1976), which was the source from which the Alaska Criminal Law Revision Subcommission derived presumptive sentencing. *See* Alaska Revised Criminal Code, Part VI, at 9 (Tentative Draft 1978) (hereafter T.D.). The authors of *Fair and Certain Punishment* concluded:

*Concurrent Versus Consecutive Sentences*

As observed in the text of the Task Force report, difficulties arise under presumptive sentencing in dealing with several offenses that grow out of the same or a connected transaction or that are closely related in time. Our proposal by no means creates this issue, but rather forces it to the surface because it is no longer hidden by the discretionary employment of concurrent sentences. We believe that several different approaches or principles are required in coping with this very difficult problem.

The first principle is that a single criminal transaction cannot be broken down into separate crimes for purposes of imposing consecutive sentences, nor can the sentence for such a transaction exceed the sentence for the single most serious crime. Thus, a defendant convicted for a single armed robbery cannot receive consecutive sentences for such component crimes as possession of a weapon, assault with a deadly weapon, burglary, larceny, and trespassing; his maximum exposure would be for the sentence (presumptive plus the increment, except in extraordinary cases) prescribed for armed robbery (or whatever the single most serious crime was).

The second principle is that a series of unrelated criminal acts or transactions can be punished by consecutive sentences, as in the example of four armed robberies carried out over the period of one week. We are aware that, although this is permitted under current law, it is not generally done today and could result in unrealistically long sentences. But we see no reasonable alternative other than

to devise a sophisticated system in which every additional crime in a series carries an increment of punishment, but not the full increment of a consecutive sentence. And perhaps this may prove to be the best solution.

The third principle is that a continuing crime or a series of closely run crimes should also be punished by an incremental sentencing. The example used is that of a government official who submits a single fraudulent bill versus an official who has submitted a hundred fraudulent bills over a two-year period. It would be unconscionable to punish the latter a hundred times more harshly than the former. Some legislative formula making the latter practice a *different* and more serious crime with gradually increasing penalties for each new violation makes more sense than adding an entire consecutive sentence for every fraudulent bill.

A top limit could be imposed, of course, on consecutive offenses for a particular type of crime. For example, no one convicted of larceny, regardless of how many transactions were involved, could receive a sentence in excess of ten years. Or no sentence in excess of a given maximum (say, 25 years) could be imposed regardless of the type or number of crimes charged. However, this raises the related problem of whether the government must try a defendant at the same time for *all* crimes it intends to charge him with. The Task Force takes no position on this, except as it relates to sentencing.

*Fair and Certain Punishment, supra* at 49–50 (appendix A).

As originally enacted, AS 12.55.025(e) established a preference for concurrent sentences, in reliance on ABA *Standards on Sentencing Alternatives and Procedures* § 3.4(b)(10) (Approved Draft 1971). T.D. Part VI, at 25–26. We recognize that the legislature reversed this preference when it amended subparagraph (e) and added .025(g). We do not believe, however, that the legislature intended thereby to mandate the "unconscionable" result mentioned by the authors of *Fair and Certain Punishment.* A person who commits ten sexual assaults should, consistent with the guidelines established in AS 12.55.005, receive a more severe sentence than a person convicted of a single incident, but he should not be punished ten times as severely. *See Sherman v. Holiday Construction Company,* 435 P.2d 16, 19 (Alaska 1967) (statutes should be construed to avoid glaringly absurd results seemingly compelled by their literal terms).[10]

10. The state makes a related argument. It reasons that where someone is convicted of two or more offenses each of which is subject to a presumptive term and the court determines that consecutive sentencing is appropriate, the court must impose consecutive presumptive terms. The state argues that AS 12.55.125(f) and (g) (prohibiting suspension or reduction of a presumptive term) must be read in connection with AS 12.55.025(e) and (g). Thus, if a first offender is convicted of two counts of first-degree sexual assault and no aggravating or mitigating factors were found, the state reasons that the defendants must receive two eight-year terms. AS 12.55.125(i). If the terms are imposed consecutively, a composite sixteen-year sentence is mandatory.

We reject this argument. At the very least AS 12.55.125(f) and (g) are ambiguous when read together with AS 12.55.025(e) and (g). We are thus obligated to construe their relationship strictly in favor of criminal defendants. While *in pari materia,* AS 12.55.125(f) and (g) and AS 12.55.025(e) and (g) address different concerns.

We read AS 12.55.125(f) and (g) to require only that a person sentenced at the same time for two or more crimes each of which is subject to a presumptive sentence must receive a sentence at least equal to the most severe presumptive sentence when adjusted to reflect aggravating or mitigating factors. In determining whether these provisions have been satisfied, we must look to the total sentence imposed, not the individual sentence imposed on separate counts. Thus, if the trial court decided to impose consecutive sentences in the hypothetical suggested by the state, AS 12.55.125(g) would require a minimum eight-year composite sentence, but not a sixteen-year sentence. *Cf. Waters v. State,* 483 P.2d 199, 201–02 (Alaska 1971) (when two or more sentences are imposed together, a sentence which if viewed in isolation might be excessive—or, by extension, too lenient—may be appropriate in light of the total sentences imposed). An eight-year sentence would ensure that the person convicted of multiple offenses serves at least as much time as provided by the presumptive term for his most serious offense.

## II.

▆ Koenig's appellate briefing was directed at establishing that his individual sentences were excessive. Since this issue will arise on remand and would be particularly significant if Judge Hanson should again determine that consecutive sentences were appropriate, we address a few remarks to his case. First of all, we agree with Judge Hanson that Koenig's case was, to a certain extent, aggravated. As Judge Hanson pointed out, the victims in this case were eight and nine years of age. *See* AS 12.55.155(c)(5) (the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth). While the elements of AS 11.41.-434(a)(1) and AS 11.41.436(a)(2) require age disparity between victim and assailant, we agree with Judge Hanson that the extreme youth of these children meets the test for the aggravating factor. By the same token, Koenig's status as a public school teacher, and the position of authority it gave him over his victims, serves to aggravate this case. *See Goulden v. State,* 656 P.2d 1218, 1222 (Alaska App.1983); *see also* former AS 11.41.410(a)(4)(A). Finally, Koenig was convicted of offenses involving multiple victims, and the trial court also properly considered, pursuant to the plea agreement reached between the parties, uncharged offenses verified in the record. Taking all of these factors together, we conclude that Koenig was properly given an aggravated sentence.

▆ In reaching this conclusion, we stress, however, that proof of aggravating factors by clear and convincing evidence, while a necessary condition for an aggravated sentence, is not sufficient for that purpose. Ultimately the trial court must consider the totality of the defendant's conduct in the light of his past record and future prospects in determining an appropriate sentence. In this regard, the overwhelming majority of cases involving sexual abuse of minors that we have reviewed, regardless of whether that abuse takes the form of sexual contact or sexual penetration, have involved people in positions of authority over the minor, *e.g.,* teachers, parents, babysitters, *et cetera,* and children of extreme youth. While this case is aggravated, it is not sufficiently aggravated to warrant a maximum sentence or sentences.

In order to resolve Koenig's claim that his sentence is excessive we must compare it with sentences imposed in cases involving similar offenses. *Pears v. State,* 698 P.2d 1198, 1202 (Alaska, 1985); *Page v. State,* 657 P.2d 850, 854–55 (Alaska App. 1983).

We will therefore consider other cases discussing appropriate sentences for sexual assault in order to determine an appropriate range of sentences for someone like Koenig. We have considered sentences for sexual assault in connection with a number of recent cases. *See, e.g., State v. Brinkley,* 681 P.2d 351 (Alaska App.1984); *State v. Woods,* 680 P.2d 1195 (Alaska App.1984); *State v. Morris,* 680 P.2d 1190 (Alaska App.1984); *State v. Couey,* 680 P.2d 513 (Alaska App.1984); *State v. Rushing,* 680 P.2d 500 (Alaska App.1984); and *Langton v. State,* 662 P.2d 954 (Alaska App.1983). These cases arose prior to the effective date of legislation establishing presumptive sentences for first offenders convicted of sexual offenses against children. Nevertheless, we consider them of some value in establishing a context for a discussion of sexual-offender sentencing under existing law. In those cases we were asked to decide in part whether certain sentences imposed upon those convicted of sexual assaults on children were too lenient. We canvassed sentences previously imposed and concluded that sentences for rape including what would be sexual assaults on children under current law were "roughly divided" into three categories:

(1) The most mitigated cases usually justifying a sentence from ninety days to three years;

(2) typical conduct which should ordinarily result in a sentence of from three years to six years;

(3) aggravated conduct which may justify a sentence of from six years to the prior maximum of twenty years. *State v. Brinkley,* 681 P.2d at 356. In a footnote we stated:

A first offender who receives a sentence of six years or greater under former law should have engaged in conduct which approaches use of a dangerous weapon or causes serious physical injury to the victim. Where the sentence exceeds ten years, a substantially more aggravated case is required. [Citations omitted.]

681 P.2d at 356 n. 3. Since most of the cases we were discussing involved a state claim that the sentence imposed was too lenient rather than a claim by the defendant that the sentence was excessive, it was not necessary for us to discuss those cases in which a sentence in excess of ten years was appropriate.

In *Atkinson v. State,* 699 P.2d 881 (Alaska App.1985), we considered a sentence of ten years with four years suspended. Atkinson was sentenced on a single count of sexual assault in the first degree. The victim was Atkinson's daughter. The parties agreed that the court could consider the total sexual relationship between Atkinson and the victim. The trial court found that Atkinson began abusing the victim when she was seven years old and continued for two years until she was nine, at which time the abuse was discovered. The victim vigorously resisted the assaults and was beaten and tied up to facilitate the sexual abuse. The abuse consisted of multiple incidents of both sexual contact and sexual penetration. Atkinson appealed his sentence contending it was excessive. We affirmed.

In *Depp v. State,* 686 P.2d 712, 720–21 (Alaska App.1984), we dealt with a case having facts even more similar to those presented by the cases of Andrews and Koenig. There the fifty-one-year-old principal of a school was convicted of three counts of first-degree sexual assault and three counts of sexual abuse, all involving the eleven-year-old son of a friend. The record established a continuous course of sexual abuse of children other than the victim charged in the indictment. 686 P.2d at 721. We approved three concurrent sentences of fifteen years with seven years suspended.

In neither case did the state cross-appeal, arguing that the sentence was too lenient; our affirmances do not, therefore, indicate whether more severe sentences for Atkinson or Depp would have been excessive. Nevertheless, given the sentencing courts' careful consideration of the respective backgrounds of Atkinson and Depp, the conduct constituting their offenses and the aggravating and mitigating factors which are typically found in cases of sexual assaults on small children, *Atkinson* and *Depp* may properly serve as benchmarks against which other sentences for sexual assault on children should be measured. Unless a defendant's conduct was substantially more serious than Atkinson's and Depp's, a sentence in excess of fifteen years would appear, on its face at least, clearly mistaken. Obviously, a benchmark sentence can only be a guide, not a rule. *Page v. State,* 657 P.2d 850, 855 (Alaska App.1983).

 In this regard we recognize that Atkinson pled to a single count of first-degree sexual assault, while others (such as Depp) who have also engaged in a continuous course of sexual abuse of a minor may be convicted of multiple counts, theoretically permitting consecutive sentences. While these distinctions may be significant, we do not believe the number of counts standing alone should be given overriding weight. Certainly the existence of multiple victims or multiple assaults on a single victim occurring during a protracted period is significant to the extent that it reflects a given defendant's potential future danger to society. Nevertheless, even in imposing a single sentence, the trial court should consider the totality of the defendant's conduct to the extent that it is verified in the record. *Nukapigak v. State,* 562 P.2d 697 (Alaska 1977), *modified on rehearing,* 576 P.2d 982 (Alaska 1978).

In imposing such a sentence the court should consider the defendant's history of violent or sexually-abusive behavior with the victim named in the indictment, as well as similar conduct directed at other victims that has been verified in the record. By the same token a trial judge simultaneously sentencing a defendant for multiple crimes should impose a composite sentence similarly reflecting the totality of the defendant's conduct. A sentence for one count which might, viewed in isolation, appear excessive (or, by extension, too lenient) may not be clearly mistaken when viewed as a component in a composite sentence. *Waters v. State*, 483 P.2d 199, 201–02 (Alaska 1971). As we noted earlier, a person who is simultaneously sentenced for ten identical but separate criminal episodes should receive an incrementally greater sentence than one convicted of a single incident, but not ten times as great a sentence. *Fair and Certain Punishment, supra*, at 49–50. In determining an appropriate incremental increase the trial court should consider the totality of the defendant's conduct in comparison with the totality of the conduct of other sentenced offenders discussed in the reported cases. We believe this approach particularly appropriate in sentencing sexual offenders whose victims are children. Aggravated cases warranting sentences beyond the three- to six-year mid-category established in *Brinkley* and the four to eight years established under presumptive sentenc-

ing,[11] will almost invariably involve multiple incidents and frequently multiple victims, whether or not there is actually a plea to multiple counts. *See State v. Brinkley*, 681 P.2d 351, 356 (Alaska App.1984). In our view, any approach to the problem other than that discussed above would subordinate judicial sentencing discretion to prosecutorial charging discretion. While the revised code clearly sought to limit discretion by establishing presumptive sentencing, there is no indication that the legislature preferred one form of discretion to the other.

The Alaska Supreme Court and this court have considered a number of sexual assault sentences. We believe a review of those cases which address sexual assaults involving both adult and child victims supports a sentencing range for aggravated offenses of ten to fifteen years, and use of *Atkinson* and *Depp* as benchmarks for determining the kind of conduct warranting a sentence within that range. We believe these benchmarks are applicable to all aggravated cases, whether aggravation is found, because of: (1) multiple victims; (2) multiple assaults on a single victim; or (3) serious injuries to one or more victims. Of course, a trial court is not bound to sentence in accordance with a benchmark and should not do so in a truly extraordinary case. In almost every case, the sentence approved by the reviewing court was in the range of six to fifteen years.[12] These cases exhibit a variety of

---

11. Current law establishes an eight-year presumptive term for first offenders convicted of first-degree sexual assault. AS 12.55.125(i)(1). Mitigating factors may reduce this sentence to four years. AS 12.55.155(a)(2). Thus the legislature has slightly increased typical terms over those recognized in *Brinkley*.

12. *See Alexander v. State*, 611 P.2d 469 (Alaska 1980) (sentence of seven and one-half years for statutory rape under former law affirmed; crime was perpetrated in violent fashion, defendant had two prior robbery convictions, a forgery conviction and a heroin-possession conviction, and rape occurred while defendant was on parole); *Cochrane v. State*, 611 P.2d 61 (Alaska 1980) (concurrent sentences of twelve years' imprisonment for each of two counts of rape and five years' imprisonment for each of two

counts of assault with a dangerous weapon approved, where two young women were raped at gunpoint, threatened and subjected to humiliating treatment, and trial court considered all relevant material); *Shelton v. State*, 611 P.2d 24 (Alaska 1980) (defendant committed offense of rape one week after being released on bail pending trial on attempted rape charge; sentence of fifteen years approved); *Mallott v. State*, 608 P.2d 737, 752 (Alaska 1980) (defendant, while intoxicated, raped a three-year-old girl; sentence of thirty years with fifteen years suspended approved); *Lacy v. State*, 608 P.2d 19 (Alaska 1980) (defendant convicted of rape, assault with dangerous weapon, kidnapping, and petty larceny; concurrent sentences of fifteen years for rape and two counts of kidnapping approved); *Tate v. State*, 606 P.2d 1 (Alaska 1980) (defendant engaged in constant course of antisocial

circumstances which justify characterizing them as aggravated offenses. In many cases the victims suffered serious physical injury, in others there were multiple victims, or multiple attacks on a single victim. In some cases, the defendant had a substantial record of prior convictions for crimes of violence including, in many cases, prior convictions for sexual assault. Nevertheless, as the supreme court pointed out in *Tuckfield v. State*, 621 P.2d 1350, 1353 (Alaska 1981), the court had never, prior to *Tuckfield*, approved a maximum sentence for a person convicted of rape. At the time *Tuckfield* was decided, twenty years was the maximum sentence.[13] The

conduct in the past and committed cruel and calculated rape; sentence of fifteen years affirmed); *Wikstrom v. State*, 603 P.2d 908 (Alaska 1979) (court approved three concurrent fifteen-year sentences for rape, where the victim was forced to submit to vaginal and anal intercourse, to perform act of fellatio, was choked and had metal device inserted into her vagina, causing internal damage); *Holden v. State*, 602 P.2d 452 (Alaska 1979) (fifteen-year sentence, for assault with intent to commit rape approved, based upon prior criminal history and verified report of another rape); *Wagner v. State*, 598 P.2d 936 (Alaska 1979) (sentence of ten years affirmed where eleven-year-old female victim's two brothers were suborned to participate in the sexual activity, defendant's record included two prior felonies, and defendant had been diagnosed as moderately antisocial and not apt to conform his conduct to the law); *Moore v. State*, 597 P.2d 975 (Alaska 1979) (concurrent ten- and fifteen-year sentences not excessive for rape and armed robbery where defendant had extensive juvenile record and prior adult felony); *Bordewick v. State*, 569 P.2d 184 (Alaska 1977) (sentence of twelve years' imprisonment affirmed where defendant convicted of rape, sodomy, and grand larceny after violent and brutal attack on sixty-nine-year-old woman); *McCarlo v. State*, 677 P.2d 1268 (Alaska App. 1984) (composite sentence of twenty years with ten years suspended for defendant convicted of rape and attempted sexual assault in the first degree; affirmed, in light of history of aggressive behavior and seriousness of present offenses); *Cordes v. State*, 676 P.2d 611 (Alaska App.1984) (sentence of ten years with two years suspended affirmed where defendant was convicted of one count of sexual assault in the first degree and conceded four separate incidents involving his six-year-old stepdaughter, including incidents of anal intercourse and fellatio); *Barry v. State*, 675 P.2d 1292 (Alaska App.1984) (concurrent sentences of twenty years with five years suspended for first-degree sexual assault and twenty years for kidnapping approved); *Pickens v. State*, 675 P.2d 665 (Alaska App.1984) (thirteen years with five years suspended for first-degree sexual assault affirmed); *Wilson v. State*, 670 P.2d 1149 (Alaska App.1983) (consecutive terms of twenty years for kidnapping and ten years for first-degree sexual assault affirmed, where defendant and confederate beat the victim and left her to die); *Nashoalook v.*

*State*, 663 P.2d 975 (Alaska App.1983) (ten years with five years suspended for first-degree sexual assault affirmed); *Johnson v. State*, 662 P.2d 981 (Alaska App.1983) (concurrent terms of fifteen years with five years suspended for rape and kidnapping affirmed; defendant had prior felony conviction and misdemeanor conviction for crime of violence); *Willard v. State*, 662 P.2d 971 (Alaska App.1983) (eight-year nonpresumptive sentence for first-degree sexual assault affirmed, based upon extraordinary circumstances, including verified reports of other sexual misconduct); *Hodges v. State*, 660 P.2d 1203 (Alaska App.1983) (court affirmed two concurrent eight-year terms with five years suspended for first-degree sexual assault based on several instances of sexual intercourse with defendant's twelve-year-old daughter over a four- to six-week period); *Erhart v. State*, 656 P.2d 1199 (Alaska App.1982) (ten-year sentence for first felony offender approved, based on aggravating factors); *Ecker v. State*, 656 P.2d 577 (Alaska App.1982) (six-year sentence for worst offender convicted of first-degree sexual assault affirmed); *Peetook v. State*, 655 P.2d 1308 (Alaska App.1982) (twenty years with five years suspended for first-degree sexual assault affirmed where defendant invaded victim's home in the nighttime, inflicted serious injuries and tortured victim); *Koganaluk v. State*, 655 P.2d 339 (Alaska App.1982) (court approved sentence of ten years for first-degree sexual assault, where defendant had previously been convicted of similar offense); *Williams v. State*, 652 P.2d 478 (Alaska App.1982) (twenty years with five years suspended for kidnapping and ten-year concurrent sentence for first-degree sexual assault not clearly mistaken, given substantial violence involved).

13. The supreme court and this court have approved total sentences in excess of twenty years where the defendant was guilty of sexual assault and, in addition, other more serious crimes, such as kidnapping or attempted murder, crimes which permit substantially greater maximum sentences. *See Hintz v. State*, 627 P.2d 207, 210–11 (Alaska 1981) (twenty-one-year-old defendant who had prior felony conviction kidnapped victim, threatened her with a firearm, and raped her; court reduced consecutive sentences of life plus twenty years to a total of thirty years' incarceration); *Morrell v. State*, 575 P.2d 1200, 1212–13 (Alaska 1978) (first offender

court approved such a sentence for Tuckfield based primarily on his extensive criminal record, which included two prior nonviolent felonies, and the serious injury to his victim. Further, the court stressed Tuckfield's refusal to admit guilt and the poor prognosis for his rehabilitation. 621 P.2d at 1353–54.

In two cases we have approved sentences in the twenty-year range for sexual abuse of children. *Seymore v. State,* 655 P.2d 786 (Alaska App.1982); and *Qualle v. State,* 652 P.2d 481 (Alaska App.1982). In *Seymore,* we approved a twenty-year sentence with restricted parole for one count of first-degree sexual assault on the defendant's stepdaughter. At that time the crime was a class A felony. Seymore was thirty-nine years old. The record reflected a continuous course of sexual abuse, including a prior conviction for sexual abuse of the same stepdaughter, for which Seymore had received a suspended imposition of sentence. His victim suffered substantial psychological damage. 655 P.2d at 786. In *Qualle,* we considered a forty-year composite of consecutive sentences for one count of statutory rape and one count of lewd and lascivious acts with a child involving, respectively, a seven-year-old girl and a six-year-old boy; we held the sentence

excessive and directed that it be reduced on remand to no more than twenty-one years. 652 P.2d at 488. Qualle, a mature man fifty-one years old, had a long history of child sexual abuse with commercial overtones, and there was evidence that Qualle had previously engaged in sexual relations with his daughters. *Id.* at 484, 487.

The supreme court's treatment of *Tuckfield* and our treatment of *Seymore* and *Qualle* was consistent with the general rule that maximum sentences should only be imposed upon worst offenders. *See State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975). The "worst offender" designation may be based on the particular manner of committing the offense, the background of the offender or both. *Saganna v. State,* 594 P.2d 69 (Alaska 1979).

Generally, the supreme court has based a worst offender characterization on an extensive criminal record. *See, e.g., Tuckfield v. State,* 621 P.2d at 1353; *Saganna v. State,* 594 P.2d 69, 70 (Alaska 1979); *State v. Wortham,* 537 P.2d at 1119–20. In *Seymore,* the defendant had previously been convicted of sexual assault but his record was cleared. 655 P.2d at 787. In *Qualle,* charges were brought, but dismissed because of the victim's unavailability. 652 P.2d at 484. The supreme court

kidnapped eighteen-year-old hitchhiker and kept her prisoner for eight days during which she was repeatedly sexually assaulted; court affirmed a life sentence for the kidnapping and eight concurrent ten-year sentences for the rapes, to run consecutively to the kidnapping sentence); *Patterson v. State,* 689 P.2d 146, 150–52 (Alaska App.1984) (forty-one-year composite sentence for kidnapping, sexual assault, and violent assault on two separate victims reduced to thirty years; defendant had prior felony record and there was little likelihood of rehabilitation). We have also approved such sentences for those convicted of multiple violent assaults where, in addition, the defendant had a substantial felony record. *Nix v. State,* 653 P.2d 1093, 1100–02 (Alaska App.1982) (composite sentence of approximately fifty years reduced to forty years; defendant, who had an extensive criminal record, was convicted of several separate assaults, sexual assaults, and burglary charges involving different victims); *Tookak v. State,* 648 P.2d 1018, 1023–24 (Alaska App.1982) (forty-one-year total of consecutive sentences for sexual assault, kidnapping and joyriding reduced to

thirty years; defendant, who had a prior felony record, took victim to remote area where he sexually assaulted and abandoned her).

While not involving sexual assault, consideration should also be given to *Wortham v. State,* 689 P.2d 1133, 1144–45 (Alaska App.1984) (composite fifty-three-year sentence affirmed where defendant, who had five prior felony convictions and had served substantial prison sentences, kidnapped, shot, and robbed his victim), and *Larson v. State,* 688 P.2d 592 (Alaska App. 1984) (defendant had two prior felony convictions for violent crimes, broke into an occupied dwelling at night and terrorized the two occupants; forty-eight-year composite sentence reduced to forty years).

Finally, consideration should be given to *Pears v. State,* 698 P.2d 1198 (Alaska 1985) (disapproving as excessive two concurrent twenty-year sentences for second-degree murder of two victims); and *Page v. State,* 657 P.2d 850, 855 (Alaska App.1983) (recognizing as a benchmark for sentences of second-degree murder based on intent to kill a sentence of twenty to thirty years).

has recognized, however, that in an unusual case a worst offender designation could be based on a single event or series of events without a prior record of convictions. *See Wilson v. State*, 582 P.2d 154, 156 (Alaska 1978); *Burleson v. State*, 543 P.2d 1195, 1201 (Alaska 1975); *Winslow v. State*, 685 P.2d 1273, 1275 (Alaska App. 1984); *Kimbrell v. State*, 647 P.2d 618, 620 n. 5 (Alaska App.1982); *Huckaby v. State*, 632 P.2d 975, 976 (Alaska App.1981). Such a designation usually involves a finding that the defendant's conduct actually constituted either (1) a higher degree of offense, *see Notaro v. State*, 608 P.2d 769, 770 (Alaska 1980) (fifteen-year sentence for manslaughter upheld where facts made the crime "an extreme one" within this class, closely equivalent to second-degree murder), *cf.* AS 12.55.155(c)(10) (discussed in *Braaten v. State*, 705 P.2d 1311 (Alaska App.1985) (Singleton, concurring)); or (2) a premeditated offense involving substantial injury to the victim or victims, where the defendant had a bad psychological prognosis and showed no remorse, *see Wilson v. State*, 582 P.2d at 156.

We recognize that many of the cases we have reviewed were decided under former law. Up until the new code became effective in 1980, a person nineteen years of age or over who engaged in consensual sexual penetration with a person under the age of sixteen was punishable by imprisonment for any term of years. Former AS 11.15.-130(a). A person who had sexual contact with a child for purposes of sexual gratification was punishable by imprisonment for one to ten years. Former AS 11.15.134. As originally enacted, the Revised Code reduced these penalties substantially. It punished sexual assault on a child under the age of thirteen as a class A felony punishable by up to twenty years' imprisonment. Former AS 11.41.410(a)(3); AS 12.55.125(c). Where sexual penetration occurred and the victim was between thirteen and sixteen years of age or sexual contact occurred with someone under thirteen the offense was a class C felony punishable by up to five years' imprisonment. Former AS 11.41.440; AS 12.55.125(e). Sexual contact with someone between the ages of thirteen and sixteen was a class A misdemeanor. Former AS 11.51.130(a)(4). The statutes were amended in 1980, 1982, and again in 1983. Under current law a person who engages in sexual penetration with a child under the age of thirteen is guilty of an unclassified felony punishable by up to thirty years' imprisonment. AS 11.41.-434(a)(1); AS 12.55.125(i). If someone sixteen or older engages in sexual penetration with someone between thirteen and sixteen, he or she is guilty of a class B felony punishable by up to ten years' imprisonment, unless he or she is less than three years older than the victim. AS 11.41.-436(a)(1); AS 12.55.125(d). The same penalty is reserved for someone sixteen or over who engages in sexual contact with someone under thirteen. AS 11.41.-436(a)(2). Where sexual contact occurs and the victim is between thirteen and sixteen years of age, and at least three years younger than the abuser, the offense is a class C felony with a five-year maximum penalty. AS 11.41.438; AS 12.55.125(e).

In summary, the drafters of the Revised Code substantially reduced the penalties for sexual abuse of minors. Since 1980, the legislature has increased the penalties, but has not restored them to former levels. Consequently, we do not find that legislative revision of the penalties establishes legislative dissatisfaction with the ranges of sentence we have been discussing.

 We are also satisfied that those ranges of sentence are consistent with the current presumptive sentencing provisions of the code. Adoption of presumptive sentencing was aimed at ensuring greater uniformity in sentencing, not at increasing the magnitude of sentences. *See* AS 12.55.005. Finally, while the eight-year presumptive term presently imposed on first offenders committing unmitigated sexual assaults on children slightly increases the minimum terms recognized in *State v. Brinkley*, 681 P.2d 351, we do not view this change in the statute as indicating dissatisfaction with the fifteen-year benchmark sentence for

aggravated offenses derived from cases decided under former law, at least first felony offenders. In the case of second and third felony offenders, the code does stipulate presumptive sentences of fifteen and twenty-five years, respectively, for those convicted of sexual assault in the first degree, or sexual abuse of a minor in the first degree. AS 12.55.125(i). In aggravated cases, slightly higher sentences would be appropriate. AS 12.55.155.

Koenig does not have a criminal record. Judge Hanson found that his conduct was among the most serious within the definition of the offense, AS 12.55.155(c)(10), but he did not find that Koenig committed a higher degree of offense. Koenig's offense involved multiple victims, and Judge Hanson may have concluded that Koenig's crimes were premeditated. There is nothing in the record, however, that would justify a finding that Koenig is a dangerous offender in the sense that we have used that term in the past. *See Viveros v. State*, 633 P.2d 289, 291 (Alaska App.1981) (using term "dangerous offender" as term of art in accordance with 1980 ABA *Standards For Criminal Justice*, which require conviction of two or more felonies within the past five years plus service of a year or more incarceration). It is not clear that Judge Hanson viewed diagnosis as a pedophile sufficient to support a finding that Koenig would continue to be a danger after serving eight years of continuous incarceration. *See Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977); *Brown v. State*, 693 P.2d 324, 330–31 (Alaska App.1984); *Lacquement v. State*, 644 P.2d 856, 862 (Alaska App.1982). *Cf. Maal v. State*, 670 P.2d 708, 711–12 (Alaska App.1983) (sentencing court should not give undue emphasis to predictions of future misconduct, which would violate just deserts sentencing model embodied in AS 12.55.005(1)).[14]

 On remand, Koenig's sentence, whether involving concurrent or consecutive increments, should not exceed twenty years with five years suspended.[15]

The sentence of the superior court in A–468 is AFFIRMED. The appeal in A–492 is DISMISSED.

The sentence in A–552 is VACATED, and that case REMANDED for resentencing.

---

**14.** The Alaska Criminal Code Revision Subcommission explained the "just deserts" theory as follows:

> In determining the appropriate sentence to be imposed, two basic principles guide the court: (1) the least severe measure should always be used which accomplishes the purposes of sentencing; and
> (2) primary consideration in imposing sentence should always be given to the seriousness of the offense and the prior criminal history of the convicted person.
> Under the "just deserts" theory of punishment, as a matter of justice or fairness, decisions with respect to a particular defendant ought to be made on the *basis of what the person has done, not on some speculative expectation of what he might do in the future.* Neither rehabilitation nor deterrence, as such, are primary considerations in determining the appropriate sentence, although both remain objectives of a "deserved" sentence. If a person's crime is serious, his punishment should be severe. If the offense is minor, the sanction should be mild.

T.D. at 19–20 (emphasis supplied). Where a person has been prosecuted as a child molester and nevertheless continues to abuse children, a diagnosis of pedophilia takes on added significance and may justify an extended term. *See, e.g., Seymore v. State*, 655 P.2d 786 (Alaska App.1982); *Qualle v. State*, 652 P.2d 481 (Alaska App.1982). Our concern is that first offenders, who have never been prosecuted or treated, should not be given this label and then, solely on the basis of the label, treated as, worst offenders and given maximum sentences. *See State v. Rastopsoff*, 659 P.2d 630, 640 (Alaska App.1983) (drafters of Revised Code clearly intended to punish more harshly those offenders who had been "alerted" by prior conviction, but who had failed to respond by conforming their conduct to the law).

**15.** Twenty years with five years suspended results in a fifteen-year period of incarceration equal to the presumptive term for a second unclassified felony offender, AS 12.55.125(i)(3), and the fifteen-year typical sentence for aggravated rape established under former law. It also allows five years of suspended time as a deterrent to Koenig, in order to protect the public as he makes the adjustment to normal life after his release from prison.