STATE of Alaska, Appellant,

v.

Sylvester ALFORD, Jr., Appellee.

No. A–4010.

Court of Appeals of Alaska.

Feb. 14, 1992.

Leroy K. Latta, Jr., Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellant.

Ernest M. Schlereth, Anchorage, for appellee.

Before BRYNER, C.J., COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

The district court dismissed a complaint charging Sylvester Alford, Jr., with working as a contractor without a certificate of registration, in violation of AS 08.18.011(a) and 08.18.141. The state appeals the order of dismissal. We affirm.

Alaska Statute 08.18.011(a) provides, in part:

A person may not submit a bid or work as a contractor until that person has been issued a certificate of registration by the Department of Commerce and Economic Development.

Alaska Statute 08.18.141(a) provides that a person who knowingly violates AS 08.18.-011 is guilty of a class B misdemeanor. Alford was charged with violating these two statutes on the basis of his having advertised in the 1990 Anchorage Yellow Pages Telephone Directory under the heading "Paving Contractors." The state also alleged that Alford advertised through the use of business cards which represented that his company, Allied Trucking and Paving, had been "Paving Alaska Since 1965."

Alford moved to dismiss the complaint, arguing that his advertising as a paving contractor did not violate AS 08.18.011(a). At a hearing on the motion to dismiss before District Court Judge William H. Fuld, the state admitted that it did not intend to present any evidence of actions by Alford other than the advertising. Judge Fuld dismissed the complaint, finding that advertising for work as a contractor did not come within the statute's prohibition against submitting a bid or working as a contractor without a certificate of registration.

We concur in the district court's reading of AS 08.18.011(a). The statute is unambiguous.[1] It prohibits those who are not registered only from submitting contracting bids or working as contractors. The state has conceded that it has no evidence to present that Alford engaged in either of these prohibited acts. Under these circumstances, the district court did not err in dismissing the complaint against Alford.[2]

---

1. If there were any ambiguity as to which actions the statute prohibits, we would be constrained to construe the statute strictly in favor of the accused. *See State v. Andrews,* 707 P.2d 900, 907 (Alaska App.1985).

2. The state points out that AS 08.18.171(4) defines "contractor" as "a person who ... undertakes or offers to perform, or claims to have the capacity to perform ... a project to construct, alter, repair, move, or demolish a building,

■■■ ■■■■■■■■■■■■

The judgment of the district court is AFFIRMED.

---

highway, road, railroad, or any type of fixed structure...." The state argues that according to this statute, a person need only advertise as a contractor to be a contractor. The reference to the statutory definition is not helpful. AS 08.-18.011(a) does not prohibit an unlicensed person from being a contractor, only from submitting bids or working as a contractor.