**Leroy GRIFFITH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–47.**

Court of Appeals of Alaska.

Jan. 13, 1984.

Eric L. Hanson and Theresa A. McGuire, Lynch, Farney & Crosby, Anchorage, for appellant.

Richard W. Maki, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Leroy Griffith was convicted, based upon his guilty plea, of eight counts of forgery in the second degree, a class C felony. AS 11.46.505(a)(1). As a third felony offender, Griffith was subject to a three-year presumptive sentence on each count. AS 12.-55.125(e)(2). Since Judge Moody found no statutory aggravating or mitigating factors, he imposed the three-year presumptive sentence on each charge. The sentences on Counts I through V, which occurred on November 22, 1982, were made concurrent with each other. However, Judge Moody made the sentences on counts VI through VIII, which occurred on November 23, 1982, concurrent to each other but consecutive to the sentence imposed on counts I through V. Thus, Griffith's sentence totalled six years. Griffith appeals his sentence to this court arguing that the consecutive sentences were improperly imposed.

Griffith argues that Judge Moody erred in failing to find that Griffith's forgeries were part of a single, continuous criminal transaction. He argues that Judge Moody should have made that finding and then should have exercised his discretion to impose all concurrent sentences. This contention turns on the interpretation of AS 12.-55.025(g) which provides as follows:

If the defendant has been convicted of two or more crimes before the judgment on either has been entered, any sentences of imprisonment may run concurrently if

(1) the crimes violate similar societal interests;

(2) the crimes are part of a single, continuous criminal episode;

(3) there was not a substantial change in the objective of the criminal episode, including a change in the parties to the crime, the property or type of property right offended, or the persons offended;

(4) the crimes were not committed while the defendant attempted to escape

or avoid detection or apprehension after the commission of another crime;

(5) the sentence is not for a violation of AS 11.41.100–11.41.470; or

(6) the sentence is not for a violation of AS 11.41.500–11.41.530 that results in physical injury or serious physical injury as those terms are defined in AS 11.81.-900.

The statute is not well drafted and there are a number of possible interpretations of the statutory language. Fortunately, the state and Griffith agree on an interpretation of the statute. They agree that if a defendant's conduct falls within subparagraphs (4), (5) or (6), the court may not impose a concurrent sentence. However, if the defendant's conduct falls within subparagraphs (1), (2) or (3), the court is authorized to impose concurrent sentences.

■ We believe that the interpretation of AS 12.55.025(g) urged by the state and Griffith is well-founded and is consistent with the legislative purpose and history of the sentencing statutes in the revised code. We accordingly accept this interpretation of the statute. *See Marks v. State*, 496 P.2d 66, 67 (Alaska 1972).

■ The state and Griffith agree that Judge Moody had authority to impose concurrent sentences on Griffith because his conduct did not fall in subparagraphs (4), (5) or (6) of AS 12.55.025(g) but did fall within subparagraph (1) since Griffith's crimes violated "similar societal interests." [1] We cannot tell from the record, however, whether Judge Moody imposed consecutive sentences on Griffith because he felt that the statute compelled him to do so or whether he exercised his discretion to

impose consecutive sentences. AS 12.55.-025(g) is not clear on its face, and the argument made by the state at Griffith's sentencing can be interpreted as an argument that Judge Moody had to impose consecutive sentences for the forgeries committed on different days. We therefore remand this case to Judge Moody for resentencing in light of our interpretation of AS 12.55.025(g) on the issue of whether Griffith's sentences should be imposed concurrently or consecutively.

■ This appeal presents two other issues which we must resolve to aid the trial court in reimposing Griffith's sentence. Griffith contends that Judge Moody erred because he did not make specific findings that "confinement of the defendant for the aggregate period of a consecutive sentence is necessary to protect the public." *Lacquement v. State*, 644 P.2d 856, 862 (Alaska App.1982). *See Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977). The state argues that Judge Moody did not have to make findings to impose a consecutive sentence under *Lacquement* because AS 12.-55.025(g) now provides a presumption in favor of consecutive sentences. The state points out that *Lacquement* was decided under former AS 12.55.025(e) which created a presumption in favor of concurrent sentences.[2] We believe that in those situations where the sentencing judge has discretion to impose concurrent sentences he should make findings to justify the imposition of a consecutive sentence. It is reasonable to assume that the legislature was aware of the *Mutschler* and *Lacquement* decisions at the time AS 12.55.025(g) was enacted. We do not perceive any legislative intent to overrule those decisions in

---

**1.** Griffith's conduct also arguably could fall within subparagraph (2) since his crimes could be considered to be "part of a single, continuous criminal episode." However, we do not have to reach this question to resolve the case since Griffith's conduct already falls within subparagraph (1) of AS 12.55.025(g).

**2.** At the time *Lacquement* was decided, AS 12.-55.025(e) provided:

If the defendant is convicted of two or more crimes before judgment on either has been

entered, any sentences of imprisonment may run concurrently or consecutively, as the court provides. If the court does not specify, the sentences of imprisonment shall run concurrently. If the defendant is imprisoned upon a previous judgment of conviction for a crime, the judgment may provide that the imprisonment commences at the expiration of the term limited by the previous judgment or on the date of imposition of sentence.

those cases where the court has the authority to impose concurrent sentences.

 The remaining issue raised by this appeal is the question whether Judge Moody has the authority to impose Griffith's sentence partially consecutively or to impose consecutive sentences and suspend some of the sentence. When Judge Moody imposed Griffith's consecutive sentence it appears that he considered suspending a portion of the sentence. He concluded that he probably did not have the authority to suspend any of the six-year sentence.

AS 12.55.125(g) provides that:

If a defendant is sentenced [under the presumptive sentencing provisions of the code], except to the extent permitted [through the application of statutory aggravating and mitigating factors or by sentencing by the three-judge panel for extraordinary circumstances]:

(1) imprisonment may not be suspended under AS 12.55.080;

(2) imposition of sentence may not be suspended under AS 12.55.085;

(3) terms of imprisonment may not be otherwise reduced.

An argument can be made that this statute prevents a judge who imposes any presumptive sentence consecutively from suspending any portion of the sentence or prevents him from imposing the sentence partially consecutively. The state concedes, however, that a judge who has authority to impose a sentence concurrently can also impose that same sentence partially consecutively or can impose that sentence consecutively and suspend a portion of that sentence. The state concedes:

In a case where the trial court has the authority to impose concurrent sentences under AS 12.55.025(e) & (g): (1) The trial court may impose presumptive sentences on a partially consecutive basis, and (2) the trial court may suspend part of any presumptive sentence imposed consecutively to the other presumptive sentences. The single proviso, however, is

that the defendant must be required to serve a term of imprisonment which is at least as long as the greatest single presumptive sentence applicable.

 We believe that the state's interpretation of the revised code is well-founded and we accept that interpretation. *Marks v. State*, 496 P.2d at 67. We believe that since the legislature gave Judge Moody the authority to sentence Griffith to concurrent sentences totalling three years, it is sensible to assume that the legislature also gave him the authority to impose sentences totalling greater than three years and to suspend a portion of the period of imprisonment as long as Griffith has to serve at least a three-year period of imprisonment.[3] *See Lacquement v. State*, 644 P.2d at 862–63.

The case is REMANDED for resentencing.

---

**3.** We do not decide whether Griffith's sentences should be imposed concurrently or consecutively or whether any portion of Griffith's sentence should be suspended. We also do not decide whether Griffith's sentence is excessive.