**Charles B. WINFREE, JR., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–156.

Court of Appeals of Alaska.

June 8, 1984.

Venable Vermont, Jr., Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Claire Steffens, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Charles Winfree was convicted, based upon his pleas of no contest, of forgery in the second degree, AS 11.46.505(a)(1); two counts of issuing a bad check, AS 11.46.280; and theft in the second degree, AS 11.46.130(a)(1). All of these offenses involved cashing checks. Three of the incidents took place in early December of 1982. The theft took place in March of 1983. These offenses are all class C felonies. AS 11.46.505(b), AS 11.46.280(d)(2), AS 11.46.130(b). On each count Winfree was subject to a two-year presumptive sentence as a second felony offender because he had formerly been convicted of a felony larceny offense in North Carolina. AS 12.55.125(e)(1).

The original sentencing judge in this case was Judge Justin Ripley. Judge Ripley indicated that he thought Winfree should be sentenced to an actual period of incarceration of a year and one-half to two years. He pointed out that in addition to that time to serve, Winfree should be placed on probation subject to a substantial suspended sentence. However, Judge Ripley concluded that he was required by law

to impose four consecutive two-year sentences which would result in a presumptive sentence of eight years. Judge Ripley found that an eight-year presumptive sentence would be manifestly unjust, and referred the case to the three-judge panel under the provisions of AS 12.55.165.

The three-judge panel, consisting of Judges Victor Carlson, S.J. Buckalew, and Thomas Schulz, then heard argument on Winfree's sentence. The judges on the panel implicitly rejected Judge Ripley's finding of manifest injustice that in they were willing to assume that Winfree's sentences could be imposed concurrently. However, they decided that concurrent sentences were inappropriate and sentenced Winfree to two-year consecutive sentences on each offense, totalling eight years, and suspended two years. Winfree appeals this sentence to this court. We remand the case to the three-judge panel to remand the case back to Judge Ripley.

After the sentencing proceedings in this case, we decided *Griffith v. State*, 675 P.2d 662 (Alaska App.1984), involving the trial court's authority to impose concurrent sentences pursuant to AS 12.55.025(g). That statute provides:

If the defendant has been convicted of two or more crimes before the judgment on either has been entered, any sentences of imprisonment may run concurrently if

(1) the crimes violate similar societal interests;

(2) the crimes are part of a single, continuous criminal episode;

(3) there was not a substantial change in the objective of the criminal episode, including a change in the parties to the crime, the property or type of property right offended, or the persons offended;

(4) the crimes were not committed while the defendant attempted to escape or avoid detection or apprehension after the commission of another crime;

(5) the sentence is not for a violation of AS 11.41.100–11.41.470; or

(6) the sentence is not for a violation of AS 11.41.500–11.41.530 that results in

physical injury or serious physical injury as those terms are defined in AS 11.81.-900.

In *Griffith*, both parties agreed to an interpretation of AS 12.55.125(g) which this court adopted. We concluded:

[I]f a defendant's conduct falls within subparagraphs (4), (5) or (6), the court may not impose a concurrent sentence. However, if the defendant's conduct falls within subparagraphs (1), (2) or (3), the court is authorized to impose concurrent sentences.

675 P.2d at 664. The state conceded and we agreed that Griffith's various check forgery cases violated similar societal interests and that Griffith could therefore receive concurrent sentences. AS 12.55.-025(g)(1). Winfree has not argued to this court the issue of whether Judge Ripley had authority to impose concurrent sentences. We therefore are not inclined to decide this issue at this time. However, it appears to us that Winfree, like Griffith, may be eligible for concurrent sentences. Indeed, the three-judge panel seemed to assume that Winfree was eligible for concurrent sentences.

In the event that Winfree is eligible for concurrent sentences under *Griffith*, it appears to us that Judge Ripley could have imposed a sentence similar to the one which he stated he wished to impose. It therefore may have been unnecessary for him to find manifest injustice and to refer the case to the three-judge panel. If Winfree was eligible for concurrent sentences, as the three-judge panel seemed to assume, the panel should not have decided the case. As we stated in *Heathcock v. State*, 670 P.2d 1155, 1157 (Alaska App.1983), "the primary control of·the sentencing process [is] in the hands of the individual sentencing judge, with restrictions placed upon him by the statutory sentencing provisions." The original sentencing judge is to first impose an appropriate sentence within the statutory provisions. It is only when these provisions lead him to a result which he believes is manifestly unjust that the three-judge panel comes into the statutory

scheme. Once the original sentencing judge refers the case to the three-judge panel, the panel is to sentence the defendant only if it agrees with the original sentencing judge that application of the statutory provisions would result in a sentence which is manifestly unjust. A.S. 12.55.-175(b) reads in pertinent part:

> If the panel finds that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included [in the revised code] or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, it shall sentence the defendant in accordance with this section. If the panel does not find that manifest injustice would result, it shall remand the case to the sentencing court, with a written statement of its findings and conclusions, for sentencing under [the revised code].

Under the provisions of the revised code and our decision in *Heathcock*, the three-judge panel did not have authority to sentence Winfree until it agreed with the trial judge that his application of the provisions of the revised code would result in a sentence which was manifestly unjust. The three-judge panel was not free to assume that Winfree could be sentenced to concurrent sentences and then go forward and sentence him.

If the three-judge panel concluded that the trial judge had the statutory authority to impose a sentence of eight years with two suspended or less, then, under our reading of the sentencing statutes, it would be the duty of the three-judge panel to conclude that there was no manifest injus-

tice in having the trial judge sentence Winfree under the revised code.[1] The three-judge panel should have then remanded the case back to Judge Ripley with their findings.

Since the issue of whether Winfree could receive concurrent sentences has apparently not been briefed at any level in this sentence appeal and since this court has recently issued the *Griffith* opinion, we believe that the best procedure in these circumstances is to remand the case back to Judge Ripley to reconsider Winfree's sentence. We therefore remand the case to the three-judge panel and direct the panel to remand the case to Judge Ripley for further proceedings.[2]

The case is REMANDED.

---

1. We are not expressing any opinion on the sentence which Judge Ripley should ultimately impose in this case or deciding that a sentence of eight years with two years suspended was or was not manifestly unjust. We have merely assumed that since the three-judge panel imposed a sentence of eight years with two years suspended, they would not conclude that a similar sentence was manifestly unjust.

2. In his sentencing remarks, Judge Ripley appeared to be concerned about his ability to impose a consecutive presumptive sentence and then suspend a portion of that sentence. In

*Griffith v. State*, 675 P.2d 662 (Alaska App.1984), we concluded that, to the extent a sentencing judge has the authority to impose a presumptive sentence concurrently to another sentence, he also has the authority to impose that presumptive sentence consecutively or partially consecutively and to suspend all or any portion of that presumptive sentence. However, we noted that "the defendant must be required to serve a term of imprisonment which is at least as long as the greatest single presumptive sentence applicable." *Griffith*, 675 P.2d at 665.