**Julie ANDERSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1028.**

Court of Appeals of Alaska.

Feb. 14, 1986.

Brigette E. Siff, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Carl Forsberg, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Julie Anderson was arrested for driving while intoxicated (DWI), AS 28.35.030(a)(1) and (2), on February 5, 1985. She was transported to the Anchorage headquarters of the Alaska State Troopers where she was given field sobriety tests and submitted to a breathalyzer test.

Prior to the breathalyzer test, Anderson was asked a number of questions. The interview was videotaped. An Alaska State Trooper read Anderson the "implied consent warning" pursuant to AS 28.35.-031, including an explanation that there was a twenty-minute waiting period before the taking of a breath sample. At that point, Anderson asked if the twenty-minute period was to allow her to contact an attorney. The trooper replied that if she wanted to talk to an attorney, he would turn off the tape and allow her to do so. Anderson then asked the trooper, "Do you have a phone number?" The trooper answered that he did not have a number but that he would supply her with a telephone book if she wanted. The discussion went on for approximately twenty minutes, during which Anderson asked about the possible penalty she faced, and repeated her statement that she wanted to call an attorney. The trooper, again, told her that he would

allow her to call, but that he had "done all [he] can do."

At the time of the interview, a sign with the public defender's twenty-four hour phone number was posted on the wall of the interrogation room. The record is silent regarding Anderson's knowledge of the sign. The trooper never mentioned the public defender to Anderson. She never inquired regarding the public defender, claimed that she was indigent or indicated an inability to pay for an attorney's services. Anderson ultimately submitted to the breathalyzer test without attempting to contact an attorney.

At trial, Anderson moved to suppress statements she made during the interview, the videotape, and the results of the breathalyzer test on the ground that she was effectively denied her statutory right to contact an attorney. The trial court denied the motion, and Anderson was convicted. She appeals. We affirm.

Alaska Statute 12.25.150 provides in part:

> (b) Immediately after an arrest, a prisoner shall have the right to telephone or otherwise communicate with the prisoner's attorney and any relative or friend, and any attorney at law entitled to practice in the courts of Alaska shall, at the request of the prisoner or any relative or friends of the prisoner, have the right to immediately visit the person arrested.

The Alaska Supreme Court in *Copelin v. State*, 659 P.2d 1206 (Alaska 1983), held that when a person is arrested for DWI and asks to contact an attorney, Alaska Statute 12.25.150(b) and Alaska Rule Criminal Procedure 5(b)[1] require that the arrestee be afforded a reasonable opportunity to do so before deciding whether or not to take a breathalyzer test. If the opportunity is denied, then all subsequent evidence must be suppressed. *Copelin*, 659 P.2d at 1214.

Anderson argues that because the state trooper did not provide her with the public defender telephone number, she did not have a reasonable opportunity to consult an attorney before taking the breathalyzer test. In Anderson's view, the trooper should have understood from her questions that she wished to consult an attorney, but knew of no attorney to consult. Under the circumstances, she reasons, the state was under an affirmative duty to inform her that the public defender maintained a twenty-four hour number for consultation with people in Anderson's position.

The state troopers have no duty to inform a DWI arrestee of the right to have counsel present before field sobriety tests are administered. *Anchorage v. Geber*, 592 P.2d 1187, 1192 (Alaska 1979). *See Svedlund v. Anchorage*, 671 P.2d 378, 382 (Alaska App.1983). *Copelin* imposes a duty on the state not to unreasonably interfere with a DWI arrestee's attempts to obtain consultation with counsel. 659 P.2d at 1215. The record before us does not establish that Anderson attempted to contact counsel and was prevented from doing so by the state troopers. Since the troopers have no duty to inform an arrestee of a right to consult counsel, it necessarily follows that they have no duty to inform her of the availability of the public defender agency or a number at which a public defender may be reached. The trial court did not err in denying Anderson's motion to dismiss.

The judgment of the district court is AFFIRMED.

---

**1.** Alaska Rule of Criminal Procedure 5(b) is substantially the same as AS 12.25.150(b). Rule 5(b) reads:

> (b) *Rights of Prisoner to Communicate With Attorney or Other Person.* Immediately after his arrest, the prisoner shall have the right forthwith to telephone or otherwise to communicate with both his attorney and any relative or friend. Any attorney at law entitled to practice in the courts of Alaska, at the request of either the prisoner or any relative or friend of the prisoner, shall have the right forthwith to visit the prisoner in private.