**Karl T. ROLLEFSON, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

**No. 983.**

Court of Appeals of Alaska.

Nov. 9, 1989.

Stuart G. Ross, Gorton & Oberly, Anchorage, for appellant.

Elaine Vondrasek, Asst. Municipal Prosecutor, and Jim Wolf, Municipal Prosecutor, Anchorage, for appellee.

Before BRYNER, C.J., SINGLETON, J., and ANDERSON, District Court Judge.*

OPINION

BRYNER, Judge.

A jury convicted Karl T. Rollefson of driving while intoxicated (DWI), Anchorage Municipal Code (AMC) § 09.28.020(A), and refusal to take a chemical breath test, AMC § 09.28.022(C). Rollefson appeals the denial of a motion to suppress in which he alleged that the police interfered with his right to contact an attorney. He also chal-

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

lenges the portion of the district court's sentencing order that revokes his driver's license. We affirm the conviction but remand for resentencing.

At the evidentiary hearing on the motion to suppress, Anchorage Police Officer Marc Woodward testified that at approximately 10:00 p.m. on August 4, 1988, he arrested Rollefson for DWI, transported him to the police station, and advised him of his right to contact an attorney. Rollefson asked to speak with attorneys Douglas Serdahely or Stuart Ross. Officer Woodward called information and asked for both attorneys' phone numbers. He did not specify whether he wanted business or home phone numbers, but instead he "just gave information [Serdahely's and Ross'] names." Information had no listing for Serdahely but gave Woodward a business number for Ross. Woodward called the number and, according to the officer's testimony, either no one answered the telephone or an answering machine responded but gave no other number for Ross.

Woodward informed Rollefson that there was no listing for Serdahely and that "there wasn't anybody there [at Stuart Ross' number] . . . I believe I mentioned it was his office phone." He offered Rollefson a telephone book and asked if he wished to call anyone else. Rollefson declined the offer.

Because Rollefson was a large man and had an aggressive attitude, Woodward was concerned for his own safety and did not remove Rollefson's handcuffs. Woodward testified, however, that he would have held the phone book up for Rollefson to look at had Rollefson requested to look up an attorney's telephone number. Woodward also indicated that Rollefson made a statement to the effect that he wanted to stall for time so that the alcohol would leave his system.

Alaska Statute 12.25.150(b) provides:

> Immediately after an arrest, a prisoner shall have the right to telephone or otherwise communicate with the prisoner's attorney and any relative or friend, and any attorney at law entitled to practice in the courts of Alaska shall, at the request of the prisoner or any relative or friends of the prisoner, have the right to immediately visit the person arrested.

In *Copelin v. State*, 659 P.2d 1206 (Alaska 1983), the Alaska Supreme Court construed AS 12.25.150(b) and Alaska Rule of Criminal Procedure 5(b)[1] to require that a person who has been arrested for DWI and who asks to speak with counsel be afforded a reasonable opportunity to do so before deciding whether or not to take a breath test. The court stated, however, that the statutory right to contact counsel is a limited one:

> The statutory right to contact and consult with counsel is not an absolute one (which might involve a delay long enough to impair testing results), but, rather, a limited one of reasonable time and opportunity that can be reconciled with the implied consent statutes. . . . Reasonableness will depend on the circumstances of each case, such as the amount of time between the stop and the transportation to the station, when the request is made, and how much time is needed to set up the test. If the attorney cannot be contacted within a reasonable time the suspect must decide without the advice of counsel, whether to take the breathalyzer test.

*Id.* at 1211–12 (footnotes omitted). In *Anderson v. State*, 713 P.2d 1220, 1221 (Alaska App.1986), this court read *Copelin* to require that the state not unreasonably interfere with a DWI arrestee's attempts to consult with counsel.

On appeal, Rollefson contends, as he did below, that the police unreasonably interfered with his statutory right to communicate with an attorney. Rollefson contends after Woodward received no response at Ross' business number, the officer should have asked information for Ross' home phone number or looked in the white pages to see if there were any other listings available for Ross. In Rollefson's view, it was unreasonable of the officer not to do so. Rollefson adds that because he was hand-

1. Alaska Rule of Criminal Procedure 5(b) is substantially the same as AS 12.25.150(b).

cuffed, he was in no position to accept Officer Woodward's offer to look at a phone book. Rollefson points out that the officer never informed him that he would turn the pages for him.

■ We reject Rollefson's arguments. There is substantial evidence to support the trial court's conclusion that Woodward provided Rollefson with a reasonable opportunity to contact an attorney. When Rollefson requested to speak with an attorney, Officer Woodward immediately offered Rollefson the use of a telephone book. The officer then offered the telephone book to Rollefson again several different times over the course of the DWI processing. In addition, after he unsuccessfully attempted to contact Ross, the officer specifically asked Rollefson if there was anyone else he wished to call, but Rollefson "didn't respond with any other names." Finally, it is important to note that Rollefson's request for an attorney came near the end of the fifteen-minute observation period. The timing of Rollefson's request, coupled with the officer's testimony that Rollefson told the officer he hoped to stall the test to let the alcohol get out of his system, bolsters the court's finding that the officer's action in administering the Intoximeter exam rather than attempting to call Ross at home was not unreasonable under the circumstances.

■ Rollefson next challenges his sentence. For each offense, District Court Judge Natalie Finn imposed a fine of $1,000, sentenced Rollefson to 180 days with 140 days suspended, revoked Rollefson's driver's license for ten years, and placed Rollefson on probation for five years. The court imposed the sentences, with the exception of the fines, consecutive-

ly. In a motion to reconsider the sentence, Rollefson requested that the court order that the ten-year license revocations run concurrently. The court conditionally granted the motion, ruling as follows:

> if defendant has no jailable traffic violations during the first 10 years of his license revocation, then the two 10–year license revocations will be concurrent. If there are jailable traffic violations during that time, then the original sentence will not be modified.

On appeal, Rollefson argues that Judge Finn erred in conditioning the concurrent status of the second revocation on his ability to complete the initial ten-year period of revocation without committing a jailable traffic offense. We decline to find that Judge Finn's sentencing order would be excessive if validly imposed. *See Williamson v. Alaska Department of Public Safety,* 779 P.2d 1238 (Alaska, 1989). However, we conclude that the sentencing court was not authorized to impose the conditional sentence modification and that it is therefore invalid. Alaska Criminal Rule 35(a) provides that a court may reduce a sentence within 120 days after the sentence is imposed. The effect of the district court's order in this case, however, was to defer modification of the originally imposed sentence, for a period of ten years. Deferring modification for a ten-year period is plainly violative of the time limitation for sentence reductions imposed under Criminal Rule 35(a). *See also Szeratics v. State,* 572 P.2d 63, 68 (Alaska 1977).[2]

A somewhat similar result could properly have been arrived at by the sentencing court by suspending Rollefson's consecutive license revocation and placing Rollefson on informal probation on condition that he have no jailable traffic offenses.[3] Had

2. Rollefson has not argued that the district court lacked authority to impose the ten-year conditional modification. However, we reach this issue as a matter of plain error because it is one which involves the legality of the sentence and which is governed by settled case law. *See Szeratics,* 572 P.2d at 68; *Davenport v. State,* 543 P.2d 1204, 1210–11 (Alaska 1975).

3. Under AMC § 9.28.022(3)(b), the district court was required to revoke Rollefson's license for a period of ten years for each count and was

precluded from suspending any portion of the period of revocation. However, because the court was authorized to impose the license revocations concurrently, the statutory mandate could be satisfied as long as Rollefson received a total period of revocation of not less than ten years. For this reason, the court was not precluded from suspending any consecutive period of revocation that exceeded the ten-year mandatory minimum. *See, e.g., Griffith v. State,* 675 P.2d 662 (Alaska App.1984).

the court done so, however, the period of informal probation could not have exceeded five years. *See* AS 12.55.090(c); *Gonzales v. State*, 608 P.2d 23, 26 (Alaska 1980). Under the circumstances, we conclude that the order modifying Rollefson's original sentence must be vacated and that this case must be remanded. On remand, the district court should reconsider the motion to modify in light of this opinion.

The conviction is AFFIRMED. The order modifying the original sentence is VACATED, and this case is REMANDED for reconsideration as provided for herein.

COATS, J., not participating.