Ronnie James NEWSOME, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2540.

Court of Appeals of Alaska.

Nov. 17, 1989.

Susan Orlansky, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Ronnie James Newsome was convicted, following a jury trial, of two counts of sexual abuse of a minor in the second degree and four counts of sexual abuse of a minor in the third degree. AS 11.41.-436(a)(1); AS 11.41.438. Newsome was also convicted of contributing to the delinquency of a minor and of furnishing alcohol to a minor. AS 11.51.130(a)(1) and AS 04.16.050; AS 04.16.051 and AS 04.16.-180(a).

Newsome's convictions for sexual abuse were based mostly on the testimony of the victim, D.E., a fourteen-year-old friend of Newsome's daughter, J.N. D.E. testified that Newsome sexually abused her on two occasions during the night of March 24th to 25th, 1988, when D.E. was spending the night with J.N. The convictions for contributing to the delinquency of a minor and furnishing alcohol to a minor were based

on evidence that Newsome had purchased and served whiskey to D.E. (as well as J.N.) earlier in the evening of the 24th of March. Newsome does not contest the convictions for contributing to the delinquency of a minor and for furnishing alcohol to a minor.

Newsome contests his convictions for sexual abuse on the ground that the trial court denied his motion for a psychiatric examination of D.E. We discussed the authority of the trial court to order a psychiatric examination of a witness in *Pickens v. State*, 675 P.2d 665, 668–70 (Alaska App. 1984). In *Pickens* we adopted the test set forth in *Ballard v. Superior Court*, 64 Cal.2d 159, 49 Cal.Rptr. 302, 410 P.2d 838. (Cal.1966). In *Ballard* the court stated:

> We ... believe that the trial judge should be authorized to order the prosecutrix to submit to a psychiatric examination if the circumstances indicate a necessity for an examination. Such necessity would generally arise only if little or no corroboration supported the charge and if the defense raised the issue of the effect of the complaining witness' mental or emotional condition upon her veracity.

*Id.* 49 Cal.Rptr. at 313, 410 P.2d at 849. In *Pickens*, we concluded that:

> While persons accused of sexual assault are entitled to disclosure of relevant evidence concerning the complaining victims, care must be taken to assure that requests for psychiatric evaluation will in fact yield relevant evidence and that such requests have not been submitted to harass and embarrass the victim, in the hope of discouraging effective prosecution.

675 P.2d at 669 (footnote omitted). In *Pickens* we noted that the Supreme Court of Alaska has a history of being sensitive to privacy interests of witnesses generally and is "reluctant to permit inquiry into a witness's mental health history absent a

clear indication of relevance." *Id.* at 669. In resolving *Pickens* we stated that:

> We think that, at the very least, it would have been incumbent upon Pickens to make a specific showing of good cause to believe, first, that [the victim's] ability to perceive events accurately or to relate those events truthfully was substantially impaired and, second, that this impairment was of such a nature that a psychological evaluation would be likely to confirm its existence or to provide material information as to its scope.

*Id.*

█ In the trial court, Newsome supported his motion requesting the court to order a psychiatric examination of D.E. with an offer of proof that D.E. had falsely claimed that she was pregnant and that she had falsely claimed to have had an abortion.[1] In the trial court, Newsome indicated that he could introduce the testimony of two of D.E.'s schoolmates that, three weeks before the alleged abuse by Newsome, D.E. claimed that she was pregnant and then, later, claimed that she had had an abortion.[2] We fail to see how this offer of proof would obligate the trial court to exercise its discretion to order a psychiatric examination. For purposes of this appeal, we will assume that, three weeks before the alleged sexual abuse by Newsome, D.E. made false statements that she was pregnant and, later, a false statement that she had had an abortion. D.E.'s false statements did not relate to Newsome's case in the sense that she was claiming she had become pregnant by Newsome. Her false statements appear to have arisen out of the fact that she was having sexual intercourse with her boyfriend. At trial Newsome had the normal means available to him of attacking D.E.'s credibility. He could cross-examine D.E. and call witnesses to testify as to their opinion of D.E.'s

---

1. The state does not contest Newsome's assertion that there was "little or no corroboration" supporting the sexual abuse charges against Newsome other than D.E.'s testimony. The state therefore concedes that Newsome met the first prong of the *Pickens* test. *See Daniels v. State*, 767 P.2d 1163, 1167–68 (Alaska App.1989)

(discussing when a complaining witness' testimony is corroborated under *Pickens*).

2. The state represented that D.E. would admit that she had had intercourse with her boyfriend and had told her friends that she was worried she might have become pregnant.

character for truthfulness or untruthfulness. A.R.E. 608(a).[3] Newsome vigorously cross-examined D.E. and called witnesses who testified to her poor reputation for truthfulness.

Newsome also never established with any specificity what he believed a psychiatric examination would accomplish. We have consistently emphasized that the defendant is not entitled to have a psychiatric examination of an opposing witness to engage in a fishing expedition for relevant material. In order to show that a psychiatric examination is necessary, the defendant must make "a strong showing of materiality." *Moor v. State,* 709 P.2d 498, 508 (Alaska App.1985). Newsome simply made no showing that D.E.'s false statements were related in any way to a condition upon which a psychiatrist could shed light. It appears that Newsome wanted a psychiatric examination in order to show that D.E. was not a credible witness. However, in *Rodriquez v. State,* 741 P.2d 1200, 1204 (Alaska App.1987), we noted that "[t]estimony by an expert witness that purports to establish by scientific principles that another witness is telling the truth treads on dangerous legal ground." *See Nelson v. State,* 782 P.2d 290, 297–298 (Alaska App. 1989); *Anderson v. State,* 749 P.2d 369 (Alaska App.1988). A psychiatrist is not a "human polygraph," and a defendant who wishes to establish a foundation for a court-ordered psychiatric examination of a complaining witness must establish good cause to believe that the psychiatric examination will, in fact, "yield relevant evidence." *Pickens,* 675 P.2d at 669. We accordingly conclude that the trial court did not err in denying Newsome's motion to have the court order a psychological examination of D.E.

Newsome next contends that his conviction on multiple counts violated his double jeopardy rights. Under the federal and state constitutions, a defendant may only be convicted once for a single criminal offense. U.S. Const. amend. V; Alaska Const. art. 1, § 9; *Whitton v. State,* 479 P.2d 302 (Alaska 1970). Although the principle is easy to state, the issue of what constitutes a single criminal offense has led to considerable litigation, particularly in the area of sexual assaults. *See Clifton v. State,* 758 P.2d 1279, 1284–85 (Alaska App. 1988). In *Johnson v. State,* 762 P.2d 493, 495 (Alaska App.1988) (citations omitted), we summarized the holdings of several cases as follows:

> Multiple convictions for sexual contact and sexual penetration which occur as part of a single transaction cannot stand. Separate convictions for multiple acts of penetration involving different openings of the victim's or the defendant's body are permissible. Reading these cases together, we conclude that two acts of sexual contact performed as part of a single transaction with a single incident of sexual penetration permit but one conviction for the most serious contact, in this case the sexual penetration.

According to D.E., on the night of March 24, 1987, Newsome lay next to her on the bed. He touched her breasts with his hands, he inserted two fingers into her vagina, and he touched her genitals with his tongue. Newsome was convicted on three charges for this conduct: sexual abuse of a minor in the second degree for the digital penetration, sexual abuse of a minor in the third degree for touching D.E.'s breasts, and sexual abuse of a minor in the second degree for the cunnilingus. Newsome argues that, at most, these three charges constituted a single offense of sexual abuse of a minor in the second degree. The state concedes error on this point. The state acknowledges that Newsome's double jeopardy rights were not forfeited by his failure to raise an objection at trial. *Horton v. State,* 758 P.2d 628, 632–33 (Alaska App.1988). The state also agrees that these three convictions merge and that Newsome should be sentenced only on a single count of sexual abuse of a minor in

---

**3.** Newsome points out that the court granted a protective order against cross-examining D.E. about her alleged statements that she had become pregnant and that she had had an abortion. However, Newsome has not raised this issue on appeal. *Cf.* AS 12.45.045 (rape shield statute).

the second degree. We accept the state's concession of error, finding it to be well-founded. *Marks v. State*, 496 P.2d 66, 67–68 (Alaska 1972) (appellate court must make its own determination that the state's concessions of error are well-founded).

D.E. also testified that, when Newsome returned to the bed the next morning he touched her genitals with his toes and touched her leg with his penis. She also testified that he placed her hand on his penis briefly, but that she drew her hand away. For this conduct Newsome was convicted on three counts of sexual abuse of a minor in the third degree: for causing D.E. to touch his penis, for touching D.E.'s genitals with his toes, and for touching her leg with his penis. The state again concedes that these convictions should merge and that Newsome should be subject to sentencing only on a single count of sexual abuse of a minor in the third degree. This concession is well-founded.

■ Newsome next argues that all of the above named counts should merge. Newsome contends that his actions constituted a single episode of sexual abuse. However, D.E. testified that she and J.N. went to bed about 12:30 or 1:00 a.m., and that her first sexual contact with Newsome occurred shortly thereafter. D.E.'s testimony seems to establish that Newsome left the room sometime during the night. D.E. estimated that the second episode of sexual abuse occurred between 7:00 and 9:00 a.m. The testimony supports the state's assertion that there were two distinct incidents of sexual abuse. *See Rodriquez v. State*, 741 P.2d at 1207–08 (court allowed two convictions for lewd and lascivious acts towards children where one act "was not a necessary or inevitable predecessor" of the

other); *Oswald v. State*, 715 P.2d 276, 281 (Alaska App.1986) (where the defendant went to the store for Vaseline between first and second acts of intercourse, two convictions for sexual assault were proper). We conclude that the court could properly convict Newsome of two separate incidents of sexual abuse of a minor.

■ Newsome also argues that the court violated his double jeopardy rights by sentencing him for both contributing to the delinquency of a minor and for furnishing alcohol to a minor for the single act of furnishing alcohol to D.E. The state concedes that Newsome engaged in only a single criminal act which violated two separate statutes and that the two counts should merge. We find that this concession of error is also well-founded.

Having found that Newsome's double jeopardy rights were violated by sentencing him on eight separate counts, we remand this case to the trial court. On remand, Newsome's convictions should merge into three: one conviction for sexual abuse of a minor in the second degree, one conviction for sexual abuse of a minor in the third degree, and one conviction on a merged count for contributing to the delinquency of a minor or furnishing alcohol to a minor. The trial court should sentence Newsome based only on these three merged convictions.[4]

The case is REMANDED.

---

**4.** It appears that the merger of Newsome's eight convictions into three convictions does not have any affect on his overall sentence. We therefore do not require the trial court to hold a new sentencing hearing, although the court, in its discretion, may do so.