**Robert J. KEPLEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2919.**

Court of Appeals of Alaska.

May 4, 1990.

Blair McCune, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS
and SINGLETON, JJ.

COATS, Judge.

Robert J. Kepley was convicted of two counts of sexual assault in the first degree and one count of attempted sexual assault in the first degree. Former AS 11.41.-410(a)(3); AS 11.31.100(a). Superior Court Judge Mark C. Rowland sentenced Kepley to serve a total sentence of forty-four years of imprisonment. Kepley appealed to this court, and we affirmed in *Kepley v. State*, Memorandum Opinion and Judgment No. 823 (Alaska App., May 1, 1985). Kepley then filed a petition for a writ of *habeas corpus* in federal court. The federal court denied the petition on the ground that Kepley had not exhausted his state remedies by filing an application for post-conviction relief in state court. Kepley next filed a petition for post-conviction relief. The superior court denied that petition, and Kepley appealed that denial to this court. We affirm.

■ In his original appeal Kepley argued that the trial court erred in admitting the testimony of social worker Pamela Montgomery and Police Officer Steven Warner regarding J.L.'s extrajudicial complaints of sexual abuse. We concluded that this testimony had been admitted for a proper non-hearsay purpose. In his application for post-conviction relief, Kepley contended that there had been a significant change in the law which entitled him to relief under Criminal Rule 35.1(a)(7).[1]

Specifically, Kepley argues that under *Nitz v. State*, 720 P.2d 55 (Alaska App. 1986), which was decided subsequently to his appeal, it was improper for the court to admit testimony of the social worker and police officer. *Nitz*, however, was not a change in the law regarding the admission of a victim's statements by other witnesses. In *Nitz*, we indicated that the presen-

tation of the prior statements of a victim to a jury through other witnesses could be prejudicial and that "the indiscriminate admission of this evidence, without appropriate restrictions and prior to [the victim's] having been called to the stand as a witness, amounted to error." *Id.* at 71. However, in Kepley's appeal, we evaluated the testimony of Montgomery and Warner. We concluded that the testimony was properly admitted and that the testimony concerning J.L.'s prior reports had minimal impact on the case. We have therefore previously decided this issue adversely to Kepley. We do not believe that there has been a significant change in the law, and there is no reason to believe that we erred in applying the law to this case. In our original decision we applied an analysis consistent with that later explained in *Nitz* and concluded that there was no error. Our previous decision accordingly governs this issue, and the trial court did not err in denying Kepley's motion for post-conviction relief on this ground.

■ Kepley next raises several issues concerning his sentence. Kepley first contends that his sentence violates double jeopardy because the two acts of sexual penetration with which he was charged constituted a single episode of sexual abuse. The evidence presented at trial showed that Kepley had slightly penetrated J.L.'s vagina one evening and that Kepley discontinued the sexual contact when J.L. pushed herself away. Kepley forced J.L. to perform fellatio on him the next morning. Kepley contends that the two acts should be treated as a single offense. This argument is answered by our recent holding in *Newsome v. State*, 782 P.2d 689, 691–92 (Alaska App.1989). In *Newsome*, we were asked whether multiple convictions for several acts of sexual abuse constituted double jeopardy. Newsome had sexually abused his victim at night, left, and returned the next morning when he began to abuse the victim again. We held

1. Criminal Rule 35.1(a)(7) states that:
   [a]ny person who has been convicted of, or sentenced for, a crime and who claims ... that there has been a significant change in law, whether substantive or procedural, ap-

plied in the process leading to applicant's conviction or sentence, when sufficient reasons exist to allow retroactive application of the changed legal standards; may institute a proceeding under this rule to secure relief.

that the various acts which took place during the evening episode merged into one count as did those which occurred during the morning. However, we concluded that Newsome could be properly convicted of two separate offenses since there were two distinct incidents of abuse: one in the evening and one in the morning. *Id. See also Rodriguez v. State,* 741 P.2d 1200, 1206–08 (Alaska App.1987); *Oswald v. State,* 715 P.2d 276, 280–81 (Alaska App.1986). Similarly, the two acts for which Kepley was convicted were sufficiently distinct to support convictions for two separate offenses.

■ Kepley next contends that even if his separate convictions were proper, the court erred in imposing consecutive sentences. Kepley was convicted of two counts of what was then first-degree sexual assault, former AS 11.41.410(a)(3), and one count of attempted first-degree sexual assault. Judge Rowland imposed a sentence of eighteen years on each of the assault offenses and an eight-year sentence on the attempt offense. Judge Rowland made all of the sentences consecutive. Thus, Kepley's total period of incarceration is forty-four years. Kepley contends that since the time of his conviction, this court has significantly changed the rules regarding the imposition of consecutive sentences and has established bench mark sentences to be imposed on people who sexually assault children. Kepley cites *State v. Andrews,* 707 P.2d 900 (Alaska App.1985), *aff'd* 723 P.2d 85 (Alaska 1986), arguing that in light of the new law, his sentence is excessive. Alaska R.Crim.P. 35.1(a)(7).

*Andrews* represented a significant change in the law in one respect: it overruled *Griffith v. State,* 675 P.2d 662 (Alaska App.1984). In *Griffith,* we concluded that under AS 12.55.025(g) a court would be obligated to impose consecutive sentences under certain circumstances. 675 P.2d at 664. We reinterpreted the statute in *Andrews,* concluding that AS 12.55.-025(g) did not require the court to impose consecutive sentences under AS 12.55.-025(g)(4), (5), and (6) as we had held in *Griffith. Andrews,* 707 P.2d at 907–08. However, the record shows that Judge Rowland was not under the impression that he was under any legal requirement to impose consecutive sentences. Moreover, it is clear that *Griffith* did not influence Judge Rowland. Kepley was sentenced on September 21, 1983, and filed his notice of appeal on December 6, 1983; *Griffith* was published on January 13, 1984.

■ Kepley argues that *Andrews* established certain bench mark sentences which indicate that he should receive a lower sentence. He argues that the *Andrews* bench marks constitute a significant change in law. There are two answers to Kepley's contention. First, *Andrews* dealt with cases involving first felony offenders, and Kepley is a third felony offender. Second, *Andrews* did not constitute a change in the law. Rather, it was an attempt to organize and explain former sentencing decisions, thereby clarifying sentencing ranges. 707 P.2d at 913–17. Except for overruling *Griffith, Andrews* did not constitute a change in the law.

In his notice to the defendant that he intended to dismiss the application for post-conviction relief, Judge Rowland indicated that he did not find that there had been a significant change in the law regarding sentencing. We conclude that Judge Rowland was correct in making this finding.

In his notice of intent to dismiss, Judge Rowland also reevaluated Kepley's sentence. Judge Rowland concluded that the defendant was a worst offender and that the forty-four-year sentence was not excessive. From the sentencing record which we have before us, we find that the sentence was not clearly mistaken. At the time of sentencing, Kepley was forty-seven years old. He had an extensive history of felony violations and had spent much of his life in prison. He also had a history of sexual offenses. In 1974, he was originally charged with rape; this charge was reduced to third-degree assault and Kepley spent three months in jail. In 1977, Kepley was convicted of second-degree rape and was sentenced to ten years of imprisonment. He was paroled on March 9, 1982, and was under parole supervision at the time of his present offense in September

1982. When he originally sentenced Kepley, Judge Rowland concluded that Kepley was a worst offender and that rehabilitation was impossible. He found that Kepley was a dangerous offender who needed to be isolated from society for the rest of his life. *See Lacquement v. State*, 644 P.2d 856 (Alaska App.1982). The record which we have before us supports Judge Rowland's conclusion. The sentence was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

AFFIRMED.